**Franklin NIX, Plaintiff-Appellant,**

**v.**

**The GRAND LODGE OF the INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, Defendant-Appellee.**

No. 72–3582.

United States Court of Appeals, Fifth Circuit.

June 5, 1973.

William G. McRae, Atlanta, Ga., for plaintiff-appellant.

J. R. Goldthwaite, Jr., Atlanta, Ga., for defendant-appellant.

Before TUTTLE, GODBOLD and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

Once again the dispute between Franklin Nix and the International Association of Machinists and Aerospace Workers has found its way to this court. This is the third appeal in this civil action. See Fulton Lodge No. 2 v. Nix, 5 Cir. 1969, 415 F.2d 212; Nix v. Fulton Lodge No. 2, 5 Cir. 1972, 452 F.2d 794. Furthermore, this court also considered one other action involving conflict between Nix and the IAM in Nix v. National Labor Relations Board, 5 Cir. 1969, 418 F.2d 1001. Hopefully our opinion today will lay to rest this spate of litigation.

The basic dispute underlying all of these lawsuits originates with Nix's unhappy period as an employee of the union. The case before the Labor Board related to a charge that Nix had been fired by the union solely because he was seeking to unionize the union's employees. This court upheld the Board's determination that the discharge was based on the theft by Nix of records and papers of IAM vice president Watkins, officer in charge of the southern territory for the union, and thus for good cause.

This present action was filed under the Labor-Management Reporting and Disclosure Act of 1959, seeking to enjoin his expulsion from union membership. The district court held that Nix had been improperly disciplined for making statements protected by section 101(a)(2) of the LMRDA, which guarantees freedom of speech to union members. The court granted injunctive relief against the Local and International, but reserved the question of damages. On appeal, 415 F.2d 212, we affirmed the trial court in all respects save the issuance of an injunction against the Grand Lodge (the International), holding that the district court had never acquired jurisdiction over that defendant.

We specifically held that Nix would be afforded an opportunity on remand to amend and seek relief against the Grand Lodge.

Back in district court, Nix amended as suggested, but also added a separate claim relating to his dismissal from his job. Plaintiff then filed notice of dismissal of this amendment to the complaint. Approximately two months later plaintiff filed a second suit which alleged wrongful, malicious and wanton conduct in administering discipline which resulted in discharge from employment and expulsion from membership. In a second count of this new suit he sought declaratory and injunctive relief on behalf of all union members against the Grand Lodge, alleging that Article L, § 3 of the IAM Constitution which allowed discipline of union members for false or malicious statements against other union members or officers conflicted with the freedom of speech provisions of the LMRDA.

In straightening out this tangled web, the district court found Nix foreclosed on count one of his new suit because of the earlier Board and court determination that the discharge had been proper. As to count two of the new suit, the court dismissed it with permission to add it in lieu of the dismissed amended complaint in the original action. The court also narrowed the class to only those members against whom the union's constitutional prohibition was being applied.

All of these maneuvers were considered and affirmed by this court, 452 F. 2d 794. We stated:

> The cause of action asserted can be included by amendment to [the original suit]. Plaintiff will not be harmed by such a course and the district court was well within its case management discretion in the action taken. This leaves the matter in the

posture where the district court can determine, in the event of amendment, as its order contemplates, whether the matter should proceed as a class action at all, depending on whether the requisites of Rule 23, F.R.Civ.P., are met.

*Id.* at 797.

Amendment was made below, and we are now faced with an appeal from the final disposition of this case.

At this point it becomes necessary to attempt to clearly delineate precisely what issues plaintiff is presenting to this court. The difficulty here is that the facts must be gleaned from a morass of pleadings and pre-trial conferences. The district court considered that the only claims by Nix were the questions of constitutionality of the provision to be determined as a class action and the awarding of any attorney's fees. All damage claims for Nix himself were clearly dropped at pre-trial conference. The court then proceeded to hold the disciplinary section of the IAM Constitution void because of conflict with the LMRDA. The court also ruled that reasonable attorney's fees would be allowed.

For purposes of this appeal, plaintiff appears to challenge only the court's conclusion that class damages had not been sought and that the attorney's fees which counsel for plaintiff were ultimately awarded were inadequate.

### Damages for the Class

It is extremely difficult to understand exactly what plaintiff is seeking as damages for the class. In brief and in motions before the trial court he alleges that the term "all appropriate relief" encompassed a claim for class damages. Furthermore, he maintains that the district court was obligated to publish notice to all possible class members [1] and permit other class members to come into the suit and prove their own individual

---

1. Since the class was limited to those against whom this provision was being enforced, determination of the members of the class would be difficult although the plaintiff alleges notice could be given in the union's periodical.

special damages. This would, of course, have, if there were as many possible claims as plaintiff alleges, resulted in a multiplicity of damage trials as each individual alleging injury would have to prove his right to be a member of the class by showing that the provision had been used against him and then prove the damages which followed from that application. As the union points out, actual discipline was imposed following hearing at the local level.

It is not clear from the documents in this case whether plaintiff ever adequately alleged a damage claim on behalf of all members of the class against the International. One thing, however, is clear, and that is determinative of this issue. The trial court in its pre-trial order and in its opinion clearly stated that the class claim was "fully one of law" and indicated that it would be considered on the declaratory and injunctive grounds only.

Under Rule 23 of the Federal Rules of Civil Procedure, the prerequisites for a class action are spelled out in detail. Class actions are of three basic types with the requirements for each varying to some degree. It appears to this court that the district court was proper in limiting the class aspects to the single issue of law.

A reading of the district court's earlier order of November 16, 1970, wherein it considered a union motion to dismiss the class nature of the actions shows that the court envisioned permitting this suit under Rule 23(b)(2). The court stated that the class count of the complaint was "simply a claim that those same rights (and the rights of persons similarly situated) are violated by the existence and threatened application of that provision of the Union constitution." This is thus properly a class action within Rule 23(b)(2) which allows such actions when:

> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declarato-

ry relief with respect to the class as a whole . . .

Since the district court made none of the findings required for maintenance under Rule 23(b)(3), it is obvious that the suit was being allowed to proceed as a class matter under Rule 23(b)(2).

Originally, it was thought suits for money damages would not qualify under (b)(2). See Advisory Committee Note, 39 F.R.D. 98, 102. However, several courts have allowed class damage actions in appropriate cases. Robinson v. Lorillard Corp., 4 Cir. 1971, 444 F.2d 791; Almenares v. Wyman, D.C.N.Y.1971, 334 F.Supp. 512, and other cases cited in Wright & Miller, Federal Practice and Procedure: Civil § 1775, note 31. However, we are not faced with a case where the district court treated damage claims as part of the class action and wholly different considerations apply.

■ A district court is given broad discretion in controlling class actions because of the managerial difficulties which may develop. Section (c)(4) of Rule 23 specifically states: "When appropriate (A) an action may be brought or maintained as a class action with respect to particular issues . . .". This clearly means that the district court may take only those parts of a lawsuit which lend themselves to convenient use of the class action motif. Problems which may develop "after an initial finding of liability can be adequately handled since the rule gives a court the power to divide the class into appropriate subclasses or to require the members to bring individual suits for damages." Eisen v. Carlisle & Jacquelin, 2 Cir. 1968, 391 F.2d 555.

Very instructive on this issue are the views of those scholars generally regarded as currently the leading commentators on the Federal Rules:

> Disputes over whether the action is primarily for injunctive or declaratory relief rather than a monetary award neither promote the disposition of the case on the merits nor represent a useful expenditure of energy. There-

fore, they should be avoided. If the Rule 23(a) prerequisites have been met and injunctive or declaratory relief has been requested, the action usually should be allowed to proceed under subdivision (b)(2). Those aspects of the case not falling within Rule 23(b)(2) should be treated as incidental. Indeed, quite commonly they will fall within Rule 23(b)(1) or Rule 23(b)(3) and may be heard on a class basis. Even when this is not the case, the action should not be dismissed. The court has the power under subdivision (c)(4)(A), which permits an action to be brought under Rule 23 "with respect to particular issues" to confine the class action aspects of a case to those issues pertaining to the injunction and to allow damages issues to be tried separately. (footnote omitted).

Wright & Miller, Federal Practice and Procedure: Civil § 1775.

Here there seems no doubt that the primary relief sought was injunctive and declaratory and that the concept of class damages (without any individual injury being shown) would be highly speculative.

■ Nix had waived all questions of damages on his individual claim. Nix knew of no other parties who might have been injured, although he alleged several unnamed parties. It seems eminently clear that because of the differing nature of each individual possible claim, the problem involved in proving separate damages, and the fact that the only common question involved here was the legal question of the validity of the constitutional provision, the district court wisely used its discretion to limit the class aspects to the declaratory action.

Therefore, we hold that it was within the trial judge's discretion to limit the class aspects of this case to the question of the validity of the constitutional provision.

*Attorney's Fees*

The only controversy presented in this appeal over the amount of attorney's fees awarded counsel for plaintiff Nix is his claim that they were grossly inadequate. The union has not challenged their awardance nor the amount. The district court awarded fees in the amount of $3,000.00. We affirm this determination.

The application by plaintiff's counsel for attorney's fees is somewhat unique. The amount claimed is $2,500,000.00. The supporting brief on this figure shows that it was computed by multiplying $2.50, the amount collected monthly by the Grand Lodge from each member, times the approximate total membership of the union, one million. The rest of the request reads very similar to a petition for punitive damages. Plaintiff's attorney appears to be of the opinion that *he* should be *personally enriched* because the union has used sanctions against its membership which conflict with an act of Congress and because he feels it would be socially desirable to punish this union. This has never been the rule in this circuit and we are confident that it never will be. Were punitive damages to be allowed or available in an action such as this they certainly should go to injured parties, not directly to the attorney.

As a legal matter, the arguments made by counsel supporting this figure are thoroughly unconvincing. Primary reliance is placed upon Ratner v. Bakery and Confectionery International Union, 1965, 122 U.S.App.D.C. 372, 354 F.2d 504. In *Ratner* the court clearly indicated that the award of attorney's fees was based on *quantum meruit*. On an earlier appeal of the *Ratner* case, 335 F.2d 691, the circuit court had indicated that the district court should not be restricted to figuring attorney's fees on the basis of a fee schedule which had been originally entered with the plaintiffs and to which the International was

not a party. At that time the court indicated that the award should be based on a *quantum meruit* theory and suggested that the district court take into account the value of the benefit to the International and its membership from the services. The amount actually awarded by the trial judge on remand in *Ratner* was extremely close to the amount requested by the attorney based on the fee schedule. The Court of Appeals upheld this as within the court's discretion. Any reasonable reading of the *Ratner* opinions show that they are not applicable to the claims of this attorney.

Here, despite repeated requests, plaintiff's attorney failed to supply any information on time spent in the preparation and handling of the class aspects of this case. The trial court in this case therefore based its award on its own knowledge of the proceedings:

> In this case, the issue upon which counsel obtained relief arose long after the original trial of the private plaintiff's case. There has been no trial time and, so far as the court knows, no time spent in discovery procedures on this issue. The question was presented by amendment to the pleadings and on brief plus the celebrated short conference with the court. Attorneys' fees in such cases are deemed by the court to be compensatory and not punitive in nature.

Our consideration of the record in this case leads us to the conclusion that the district court was well within its discretion in setting attorney's fees at $3,000.-00. We note that counsel for the plaintiff has not presented this court or the district court at any time with a statement of work done on this case. He has apparently been satisfied to rest his claim for attorney's fees on his allegations of social desirability which we clearly reject above.

Therefore, the opinion of the district court in this case is, in all respects

Affirmed.