**SOCIETY FOR INDIVIDUAL RIGHTS, INC., et al., Plaintiffs,**

v.

**Robert HAMPTON et al., Defendants.**

**No. C–73–0139 AJZ.**

United States District Court, N. D. California.

Oct. 31, 1973.

San Francisco Neighborhood Legal Assistance, David C. Moon, San Francisco, Cal., for plaintiffs.

James L. Browning, Jr., U. S. Atty., Howard T. Chang, Asst., U. S. Atty., San Francisco, Cal., for defendants.

## ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

ZIRPOLI, District Judge.

The Society for Individual Rights, an organization of homosexual persons, and Donald Hickerson brought this action to challenge the United States Civil Service Commission's policy as stated in Federal Personnel Manual Supplement (Int.) 731–71,[1] of excluding from government employment all persons who have engaged in or solicited others to engage in homosexual acts. Mr. Hickerson, who was discharged on the basis of this policy, seeks reinstatement and reimbursement for his lost wages. Plaintiffs also ask that this lawsuit be certified as a class action. Previously the court stayed further proceedings until plaintiffs added several necessary parties. Plaintiffs have now complied with this order, and the court, therefore, will proceed to adjudicate the cross-motions for summary judgment and other pending motions.

The facts involved in Mr. Hickerson's discharge are simple and uncontested.

In early 1971 he was hired as a supply clerk by the Consumer and Marketing Service, Department of Agriculture. During a routine investigation, the government discovered that Mr. Hickerson had been given a "General—Under Honorable Conditions Discharge" from the Army, because he had admitted that he was, at that time, a homosexual. Following this discovery, Mr. Hickerson was interviewed by a Commission investigator, and he confirmed the accuracy of the Army records. Based upon this information the Commission ordered that plaintiff be discharged, and, subsequently, plaintiff exhausted his administrative remedies.

I.

■■ Plainly Mr. Hickerson was improperly discharged from his position. The decision of the Board of Appeals and Review leaves no question that its decision is based solely upon the fact that plaintiff is presently a homosexual person and the Commission's view that the employment of such persons will bring the government service into "public contempt."

In Norton v. Macy, 135 U.S.App.D.C. 214, 417 F.2d 1161 (1969), a discharge on precisely this ground was considered and held to be so arbitrary and capricious as to violate due process requirements. Plaintiff's conduct may be deemed immoral by the majority of our society, but this alone does not justify denying plaintiff government employment. As the *Norton* court noted, "the notion that it could be an appropriate function of the federal bureaucracy to enforce the majority's conventional mor-

---

1. *Homosexuality and Sexual Perversion*—Persons about whom there is evidence that they have engaged in or solicited others to engage in homosexual or sexually perverted acts with them, without evidence of rehabilitation, are not suitable for Federal employment. In acting on such cases, the Commission will consider arrest records, or records of conviction for some form of homosexuali-

ty or sexual perversion; or medical evidence, admissions, or other credible information that the individual has engaged in or solicited others to engage in such acts with him. Evidence showing that a person has homosexual tendencies, standing alone, is insufficient to support a rating of unsuitability on the ground of immoral conduct.

al code of conduct in the private lives of its employees is at war with elementary concepts of liberty, privacy, and diversity." *Id.* at 1165. Therefore, the Commission can discharge a person for immoral behavior only if that behavior actually impairs the efficiency of the service. The Commission has not met—indeed, it has not even tried to meet—this standard. Instead, it reasserts the argument that the hypothetical embarrassment and public contempt which the government would suffer if it were known that it employed homosexual persons would, in some vague, unspecified way, hinder the government's performance. *Norton* specifically rejected this very argument, holding that the Commission must show "some reasonably foreseeable, specific connection between an employee's potentially embarrassing conduct and the efficiency of the service [it] cannot support a dismissal as promoting the efficiency of the service merely by turning its head and crying 'shame.'" *Id.* at 1167, 1168. Therefore, plaintiff Hickerson's individual claim for relief will be granted.

## II.

■ ■ Plaintiff Hickerson seeks to represent the class of "all persons who presently are, or were, or hereafter become employees of the Federal Government or any agency thereof and who have engaged, or may engage, in acts of private, consensual homosexual conduct, and who are qualified to perform, are or will be satisfactorily performing, the duties connected with the employment position to which they have been or will be appointed, and whose discharges are, were, or will be reviewable by the United States Civil Service Commission." Plaintiffs ask that the court order defendants to reinstate and reimburse the wage losses of all members of this class previously discharged, and that the court enjoin further discharges of members of the class. The court agrees with defendants that, in view of the difficulties of dis-

covering members of this class and giving them appropriate notice, retroactive relief cannot be granted. Moreover, the court is not prepared to hold that no members of this class may be discharged under any circumstances from any position.

There is, however, a narrower class of persons on whose behalf the court deems it appropriate to grant prospective relief: those homosexual persons who the Commission would deem unfit for government employment for the sole reason that the employment of a homosexual person in the government service might bring that service into the type of public contempt which might reduce the government's ability to perform the public business with the essential respect and confidence of the citizens which it serves. Granting relief to this narrow class of persons is sufficient to prohibit the Commission from continuing to ignore the plain holding of *Norton*. On the other hand, granting this relief will not interfere with the power of the Commission to dismiss a person for homosexual conduct in those circumstances where more is involved than the Commission's unparticularized and unsubstantiated conclusion that possible embarrassment about employee's homosexual conduct threatens the quality of the government's performance. Thus, although the overbroad rule stated in Federal Personnel Manual Supplement (Int.) 731–71, *supra*, n. 1, cannot be enforced, the Commission is free to consider what particular circumstances might justify dismissing an employee for charges relating to homosexual conduct.

■ Defendants' arguments that class relief is inappropriate lack merit. The Commission's decision in this case makes clear that a rule requiring dismissal of all persons within the ambit of the broad regulation of the Federal Personnel Manual Supplement is "uniformly applied." This uniform treatment makes class-wide relief pursuant to Rule 23(b)(2) appropriate. The only re-

quirement of Rule 23(a) possibly not met here is the need for sufficient numerosity. Plaintiffs propounded an interrogatory asking the number of persons discharged solely on the grounds of homosexual conduct per year, but defendants failed to answer it because to do so would be "burdensome and oppressive." If the number of persons discharged on this basis per year is so large that it would be burdensome and oppressive to count them in order to answer a proper interrogatory, necessarily joinder of this many persons is impracticable. The court, therefore, will permit plaintiff Hickerson to represent the narrow class defined above.[2]

In accordance with the foregoing, which constitutes the court's findings of fact and conclusions of law,

It is ordered that plaintiffs' motion for summary judgment is granted and defendants' motion to dismiss or for summary judgment is denied;

It is further ordered that defendants, their successors, agents, and employees:

(1) reinstate plaintiff Hickerson in his former or an equivalent position;

(2) reimburse plaintiff Hickerson for any net wage loss he has suffered as a result of his improper discharge; and

(3) forthwith cease excluding or discharging from government service any homosexual person whom the Commission would deem unfit for government employment solely because the employment of such a person in the government service might bring that service into the type of public contempt which might reduce the government's ability to perform the public business with the essential respect and confidence of the citizens which it serves;

It is further ordered that plaintiffs prepare an order in accordance with the foregoing and Local Rule 123.

2. In view of this determination, it is unnecessary to decide whether the Society of Indi-

vidual Rights is a proper party in this lawsuit.