528 F.2d 905
 12 Fair Empl.Prac.Cas. 534,
11 Empl. Prac. Dec. P 10,649
SOCIETY FOR INDIVIDUAL RIGHTS, INC., and Donald William
Hickerson, Individually and on behalf of all
others similarly situated, Plaintiffs-Appellants,
v.
Robert HAMPTON, Chairman, United States Civil Service
Commission, et al., Defendants-Appellees.
 No. 74--1793.
 United States Court of Appeals,
Ninth Circuit.
 Dec. 19, 1975.
 
 David C. Moon (argued), San Francisco Neighborhood Legal Assistance, San Francisco, Cal., for plaintiffs-appellants.
 Paul Blankenstein, (argued), U.S. Dept. of Justice, Washington, D.C., for defendants-appellees.OPINION
 Before DUNIWAY and KENNEDY, Circuit Judges, and BURNS,* District Judge.
 PER CURIAM:
 
 
 1
 This suit was brought to challenge the Civil Service Commission's policy of excluding all active homosexuals as unsuitable for government employment. The district court granted summary judgment for the individual plaintiff, ordering him reinstated with back pay. In addition, the court held the suit was proper as a class action under Fed.R.Civ.P. 23(b)(2), and prospectively enjoined the Commission from discharges grounded on the apprehension that employment of homosexuals would reduce public confidence in the government service.[1] The Commission subsequently altered its regulations in response to the district court's decision[2] and obtained a dismissal of its appeal therefrom. Accordingly, we express no opinion on that part of the judgment below.
 
 
 2
 However, the district court denied the retroactive relief--reinstatement with back pay--sought on behalf of the class. The court stated that 'in view of the difficulties of discovering members of this class and giving them appropriate notice, retroactive relief cannot be granted.' 63 F.R.D. at 401. The plaintiff appeals from this portion of the court's judgment, claiming that notice to class members is not always required for 23(b)(2) class actions. See Elliott v. Weinberger, No. 74--1611 (9th Cir., Oct. 1, 1975), slip op. at 11--14; 7A C. Wright & A. Miller, Federal Practice and Procedure, § 1786, at 142--44 (1972 & Supp.1975). But the plaintiffs are mistaken in their contention that the requirement of notice was the basis for the lower court's denial of retroactive relief. Obviously the court did not view notice as a prerequisite for a 23(b) (2) class action, since it awarded injunctive relief for this class without requiring any notice whatsoever to its members. Rather, the court's decision should be characterized as a determination that the issues necessarily raised by the request for retroactive relief were not appropriate for resolution by a class action.
 
 
 3
 As a practical matter, a judgment enjoining application of a discriminatory regulation or policy will affect the class against which the discrimination occurs. Thus courts have applied Rule 23(b)(2) liberally to allow such suits to be maintained as class actions. See 7 Wright & Miller, supra, § 1771. Different considerations obtain, however, when the suit seeks reinstatement with back pay for individual class members. We recognize that a 23(b)(2) class action may include an incidental claim for monetary damages. Elliott v. Weinberger, supra, slip op. at 10, 7A Wright & Miller, supra, § 1775, at 22. However, it is within the discretion of the trial judge, under Rule 23(c)(4), to limit the issues in a class action to 'those parts of a lawsuit which lend themselves to convenient use of the class action motif.' Nix v. Grand Lodge, IAM, 479 F.2d 382, 385 (5th Cir.), cert. denied, 414 U.S. 1024, 94 S.Ct. 449, 38 L.Ed.2d 316 (1973).
 
 
 4
 We cannot say that the district court abused its discretion in this case by denying class relief beyond a prospective injunction. The court's rationale would invalidate discharge for homosexual activity only where such activity had no rational bearing on the individual's job performance. Thus the issue of liability would have to be separately litigated for each person who claimed to be a class member.[3] Judgment in favor of the class would be of little practical value in resolving these individual questions. Moreover, as the court observed, it would be burdensome to discover class members and give notice of their right to recover, making the action for reinstatement and back pay difficult to manage.
 
 
 5
 Accordingly, we affirm the judgment of the district court to the extent that it denies reinstatement with back pay to the class in question.
 
 
 
 *
 Honorable James M. Burns, United States District Judge, District of Oregon, sitting by designation
 
 
 [1]
 The district court's opinion is reported at 63 F.R.D. 399 (N.D.Cal.1973). The decision followed Norton v. Macy, 135 U.S.App.D.C. 214, 417 F.2d 1161, 1165--66 (1969), which held that the government must show a specific reason why the employee's homosexual activity made him unfit for the job in question
 
 
 [2]
 See 40 Fed.Reg. 2047--48 (July 3, 1975)
 
 
 [3]
 This case is distinguishable from those involving racial discrimination since discharge on the basis of race is per se illegal. There is no burden in cases of racial discrimination for each employee to show that his race was irrelevant to the requirements of the job. Compare, e.g., Jenkins v. United Gas Corp., 400 F.2d 28, (5th Cir. 1968) with Caldwell v. Craighead, 432 F.2d 213, 217 (6th Cir.), cert. denied, 402 U.S. 953, 91 S.Ct. 1617, 29 L.Ed.2d 123 (1970)