Cora GRIFFIN et al.

v.

Patricia Roberts HARRIS et al.

Civ. A. No. 76–278.

United States District Court,
E. D. Pennsylvania,
Civil Division.

May 9, 1979.

Harold R. Berk, Stephen Bosch, Community Legal Services, Philadelphia, Pa., for plaintiffs.

Robert S. Forster, Jr., Asst. U. S. Atty., Philadelphia, Pa., Carolyn Lieberman, Dept. of Housing & Urban Devel., Washington, D. C., for defendants.

## MEMORANDUM OF DECISION

McGLYNN, District Judge.

The plaintiffs in this action have challenged the United States Department of Housing and Urban Development's (H.U.D.) administration of a rent supplement program in so far as the department had, since 1971, paid less than the amount of rent supplement payments required by their own regulations to tenants of certain multi-family housing developments.

On plaintiffs' motion, I certified a class as follows:

> all tenants in the nation on whose behalf the defendants made at the commencement of this action rent supplement payments to the respective owners of multi-family housing under Section 101 of the Housing and Urban Development Act of 1965 which rent supplement payments were equal to or less than the sixty (60%) of each tenant's rent when the tenant was thereby required to pay more than twenty-five percent (25%) of his/her adjusted income as rent.

By narrowing membership in the class to present tenants and those who were tenants at the time of the institution of this suit, I eliminated those who sought only restitution, and thus limited the class to those seeking equitable relief as well as restitution, thereby enabling a class to be certified under Rule 23(b)(2) of the Federal Rules of Civil Procedure.[1]

On appeal from a grant of summary judgment for the government, the United States Court of Appeals for this Circuit held H.U.D.'s actions to be unlawful and injunctive relief to be an appropriate remedy. *Griffin v. Harris,* 571 F.2d 767, 772 (3d Cir. 1978). Pursuant to the mandate, I granted partial summary judgment for the plaintiff class in the form of a prospective injunction requiring H.U.D. to pay the full rent supplement required by its regulations. The nature of the retrospective relief is still to be decided.

Before the court at this time is the government's motion to decertify the plaintiff class because of the manageability problems which present themselves at this stage of the litigation. The government bases their position upon the difficulties which are inherent in awarding monetary relief to such a class as exists here; i. e., difficulties which would include dealing with the disparate factual circumstances determinative of each class members damages, and the administrative costs involved in identifying class members.

Under Rule 23(c)(1), Fed.R.Civ.P.,[2] the court has the authority to alter or amend the class certification before a decision on the merits if, "upon fuller development of the facts, the original determination appears unsound. A negative determination means that the action should be stripped of its character as a class action." *Note of Advisory Committee on 1966 Amendments to Rule 23.* The order regard-

---

**1.** A class may be certified under Rule 23(b)(2) if, in addition to satisfying the requirements of Rule 23(a), it is shown that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."

**2.** Rule 23(c)(1) states:

> As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this subdivision may be conditional, and may be altered or amended before the decision on the merits.

**74**

ing the maintenance of the class action may be considered conditional in nature. *In re Cessna Aircraft Distributorship,* 518 F.2d 213, 215 (8th Cir. 1975).

 Under Rule 23(c)(4)(A), Fed.R. Civ.P., an action can be maintained as a class action only as to particular issues. This technique of limiting certification to particular issues has been consistently recognized by many courts. *Bogosian v. Gulf Oil Corp.,* 561 F.2d 434 (3d Cir. 1977); *Nix v. Grand Lodge of the International Association of Machinists and Aerospace Workers,* 479 F.2d 382 (5th Cir. 1973); *Eisen v. Carlisle and Jacquelin,* 391 F.2d 555 (2d Cir. 1968); *In re Sugar Antitrust Litigation,* 73 F.R.D. 322 (E.D.Pa.1976). It is apparent from these two sections of Rule 23 and the notes of the Advisory Committee which accompany them, that this court has ample authority to reconsider its prior ruling on class certification as it pertains to the damage phase of this suit.

 Although classes which are certified under Rule 23(b)(2) are those in which injunctive relief or declaratory judgments are sought, they are not solely limited to such relief. *Wetzel v. Liberty Mutual Insurance Co.,* 508 F.2d 239 (3d Cir. 1975). Monetary damages may be sought in a (b)(2) action as long as it is not the predominant purpose of the litigation. *Samuel v. University of Pittsburg,* 538 F.2d 991 (3d Cir. 1976); *Jones v. Diamond,* 519 F.2d 1090 (5th Cir. 1975); *Rice v. City of Philadelphia,* 66 F.R.D. 17 (E.D.Pa.1974). Thus, the fact that the plaintiffs have requested restitution in addition to injunctive relief, does not in itself render the class certification improper.

Cases which hold that monetary relief is appropriate in a 23(b)(2) class, in many instances, deal with actions founded upon a statute which favors the inclusion of such relief as a form of equitable remedy. Class actions brought under Title VII of the Civil Rights Act of 1964 are examples of such cases. *Wetzel v. Liberty Mutual Insurance Co., supra; Franks v. Bowman Transportation Co.,* 495 F.2d 398 (5th Cir. 1974), *rev'd in part,* 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976). These actions are essentially equitable in nature and Congress has specifically provided that backpay be awarded as one element of the remedy for employment discrimination. Additionally, courts have determined that reimbursement for a (b)(2) class is proper when the defendants have been unjustly enriched and it would be unconscionable for them to retain the money. *Samuel v. University of Pittsburg, supra; Connor v. Highway Truck Drivers and Helpers,* 68 F.R.D. 370 (E.D.Pa. 1975).

In the case presently before me, the calculation of damages on a (b)(2) class basis would present numerous problems. There are significant individual issues which would have to be dealt with when determining the amount of damages each class member would be entitled to.

Each of the class members will first have to be identified. There are over 1,330 projects which have contracts containing a 25/60 restriction clause, with an average rent supplement occupancy of 45 tenants per project.[3] In addition to those class members who are presently tenants, former tenants will have to be identified, i. e., those who have resided in these housing projects from the time this suit was filed but have since left. Records of prior residents have not been retained by many of the projects and, therefore, it will prove difficult or perhaps impossible to locate many of these class members.[4]

Once the tenants have been identified, each one will be required to show that he was adversely effected by the 25/60 restriction, i. e., that he was required to pay more than twenty-five percent of his adjusted income as rent, in order to qualify for class membership. Each member of the class must then show, by reviewing each months rental payments, the exact amount of restitution to which he is entitled.

---

**3.** Affidavit of Michael Seymore, ¶ 6, Memorandum in Support of Government's Motion to Decertify the Class (filed Nov. 28, 1978).

**4.** *Id.* at ¶ 7.

It is apparent to this court that the disparate factual circumstances surrounding each class member would make the awarding of restitution on a class basis totally unmanageable. *Carter v. Butz,* 479 F.2d 1084 (3d Cir. 1973).

> Due to the nature of the Plaintiffs' claim . . . significant issues unrelated to injunctive relief may be encountered in determining who within the class has been injured by defendants' conduct . . . .

*Santiago v. City of Philadelphia,* 72 F.R.D. 619, 628 (E.D.Pa.1976). The excessive costs involved in locating class members and sending them notice of their right to recover would be quite burdensome. *Society for Individual Rights, Inc. v. Hampton,* 528 F.2d 905 (9th Cir. 1975). In addition, we must take into account the amount of court time which would be involved in determining damages for a class of this size in contrast to the rather small amount of restitution each class member would receive. It is important to note here that unlike *Samuel v. University of Pittsburg, supra,* where the court was concerned with windfall profits as a result of illegal activity, there is no equitable basis for class restitution since H.U.D. has not been unjustly enriched by paying less than the maximum supplement. All rent supplement funds have been expended to provide housing assistance for low income families.

The primary purpose of this action was to bring H.U.D. into compliance with their own regulations. Since this goal has been accomplished, the awarding of restitution in each particular case can best be achieved by a liberal grant of applications to intervene rather than by continuing the litigation as a class action. *Rice v. City of Philadelphia, supra.* Accordingly, I will decertify the class for the remainder of this litigation.

