Daniel SEPULVEDA; Anita Perez; Antonio Prangner, individually and on behalf of all similarly situated individuals, Plaintiffs—Appellants,

v.

WAL–MART STORES INC., Defendant—Appellee.

No. 06–56090.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2008.

Filed April 25, 2008.

Robert J. Drexler, Jr., Daniel A. Crawford, The Quisenberry Law Firm, Los Angeles, CA, Jocelyn D. Larkin, Brad Seligman, The Impact Fund, Berkeley, CA, Steven G. Pearl, The Pearl Law Firm, Encino, CA, for Plaintiffs–Appellants.

Lawrence C. Dinardo, Elizabeth McRee, Michael J. Gray, Jones Day, Chicago, IL, Steven B. Katz, Jones Day, Los Angeles, CA, for Defendant–Appellee.

Before: SCHROEDER, WARDLAW and TALLMAN, Circuit Judges.

## MEMORANDUM *

Plaintiffs, current and former Assistant Managers of Defendant, Wal–Mart Stores, Inc., appeal the district court's order denying their motion for class certification. We have jurisdiction under 28 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided

§ 1292(e) and Federal Rule of Civil Procedure 23(f).

The district court misapplied Ninth Circuit precedent when, relying on its conclusion that Plaintiffs' claims for monetary relief were non-incidental, it denied class certification under Federal Rule of Civil Procedure 23(b)(2). *See Molski v. Gleich,* 318 F.3d 937, 949–50 (9th Cir.2003) (refusing to adopt the incidental damages approach set forth by the Fifth Circuit in *Allison v. Citgo Petroleum Corp.,* 151 F.3d 402 (5th Cir.1998)). The district court must focus on the intent of the Plaintiffs in bringing suit. *Id.* at 950. We therefore hold that the district court abused its discretion in denying class certification. *See Sw. Voter Registration Educ. Project v. Shelley,* 344 F.3d 914, 918 (9th Cir.2003) (en banc) (per curiam).

On remand the district court shall reconsider class certification under Federal Rule of Civil Procedure 23(b)(2), and, in the alternative, also reconsider using Rule 23(c)(4) to certify specific issues under the Rule 23(b)(2) standard. *See Society for Individual Rights, Inc. v. Hampton,* 528 F.2d 905, 906 (9th Cir.1975). In reconsidering these issues, the district court may find the California Supreme Court's decision in *Gentry v. Superior Court,* 42 Cal.4th 443, 457–59, 462, 464–65, 64 Cal. Rptr.3d 773, 165 P.3d 556 (2007), instructive.

The district court did not abuse its discretion in denying class certification under Federal Rule of Civil Procedure 23(b)(3), and we therefore affirm that portion of its order. Each party shall bear its own costs on appeal.

---

by 9th Cir. R. 36–3.

REVERSED in part; AFFIRMED in part.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provid-