**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL SEPULVEDA; ANITA PEREZ; ANTONIO PRANGNER, individually and on behalf of all similarly situated individuals, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> WAL-MART STORES, INC., <br><br> Defendant - Appellee. | No. 06-56090 <br><br> D.C. No. CV-04-01003-DSF <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted March 6, 2008
Pasadena, California

Before: SCHROEDER, WARDLAW, and TALLMAN, Circuit Judges.

Plaintiffs, current and former Assistant Managers of Defendant, Wal-Mart

Stores, Inc., appeal the district court's order denying their motion for class

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1

certification. We previously reversed in part and affirmed in part the denial of class certification. *See Sepulveda v. Wal-Mart Stores, Inc.*, 275 Fed. Appx. 672 (9th Cir. 2008). Wal-Mart filed a petition for rehearing and petition for rehearing en banc. Decision on the petitions was stayed pending the United States Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*, __ U.S. __, 131 S. Ct. 2541 (2011). Having requested, received, and reviewed supplemental briefs from the parties post-*Dukes*, we now grant the petition for rehearing and vacate our previous disposition.

We previously held that the district court abused its discretion by denying class certification under Federal Rule of Civil Procedure 23(b)(2) because it relied on the non-incidental test not followed by our circuit as of that time. *See Sepulveda*, 275 Fed. Appx. at 672. In *Dukes* the Court explicitly adopted the "not incidental" test for certification under Rule 23(b)(2). *Dukes*, 131 S. Ct. at 2557 ("We now hold that [claims for monetary relief] may not [be certified under Rule 23(b)(2)], at least where (as here) the monetary relief is not incidental to the injunctive or declaratory relief."). The Court further clarified that Rule 23(b)(2) "does not authorize class certification when each class member would be entitled to an individualized award of monetary damages." *Id.*

Here, the district court found that the damages plaintiffs sought would "require highly individualized proof of the duties each [Assistant Manager] performed, the hours spent on those duties, and the overtime hours actually worked." *Sepulveda v. Wal-Mart Stores, Inc.*, 237 F.R.D. 229, 246 (C.D. Cal. 2006). The court also found that fewer than half the putative class members could benefit from injunctive relief. Furthermore, both the Seventh and Eighth causes of action link monetary relief—in the form of an accounting and payment of overtime compensation allegedly wrongfully withheld—to the request for injunctive relief. Thus, it was not an abuse of discretion for the district court here to find that the monetary relief sought was not incidental to the injunctive relief sought. We affirm denial of class certification under Rule 23(b)(2).

In our previous order we instructed the district court to reconsider, in the alternative, using Rule 23(c)(4) "to certify specific issues under the Rule 23(b)(2) standard." *Sepulveda*, 275 Fed. Appx. at 672. Because we now affirm denial of class certification under Rule 23(b)(2) it is no longer necessary or possible for the district court to consider severing particular issues for class treatment, and we affirm the district court's denial of class certification for limited purposes under Rule 23(c)(4).

We previously held that the district court did not abuse its discretion in denying class certification under Rule 23(b)(3) and we reaffirm that decision. The parties do not contest this holding and thus we do not disturb it.

**AFFIRMED.**