In re CESSNA AIRCRAFT DISTRIBU-
TORSHIP ANTITRUST
LITIGATION.

WHITE INDUSTRIES, INC., Appellee,

v.

The CESSNA AIRCRAFT COMPANY
et al., Appellants.

No. 74–1563.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 6, 1975.

Decided June 23, 1975.

Certiorari Denied Nov. 11, 1975.
See 96 S.Ct. 363.

214

E. Houston Harsha, Chicago, Ill., for appellants.

Roger C. Bern, Kansas City, Mo., for appellee.

Before JOHNSEN, Senior Circuit Judge, and STEPHENSON and WEBSTER, Circuit Judges.

STEPHENSON, Circuit Judge.

This is an appeal from the district court's[1] determination pursuant to Fed. R.Civ.P. 23(b)(3) that this action against Cessna Aircraft[2] proceed as a class action with appellee White Industries, Inc. serving as class representative. The critical issue on this appeal is whether the district court's interlocutory order granting class standing is appealable. We hold that it is not and dismiss this appeal.

Appellee White Industries, Inc., a "full line" dealer of Cessna Aircraft in 1968 and 1969, and Eugene Ingram, a Cessna dealer at various levels during the years of 1968–74, brought suit against Cessna in federal district courts in both Missouri and Kansas alleging price discrimination in violation of §§ 2(a) and 2(f) of the Robinson-Patman Act, 15 U.S.C. §§ 13(a) and 13(f) (1970), and a conspiracy to violate § 1 of the Sherman Act, 15 U.S.C. § 1 (1970). Both charges arose out of Cessna's nationwide marketing and pricing system. They sought $94,000,000 in damages before trebling.

Following the completion of discovery on the class action issue in the Western District of Missouri, the Judicial Panel on Multidistrict Litigation transferred the Kansas action to that court for pretrial processing. On June 5, 1974, following two years of conferences and deliberations, the court filed its conclusions of law and findings of fact which included an order that the litigation proceed as a class action with White Industries, Inc. serving as representative for two national classes: a "litigating class" consisting of Cessna dealers during the periods from April 14, 1968 to June 5, 1974; and a "settlement class" consisting of Cessna dealers from the period of January 1, 1960 to April 14, 1968, the latter being subject to the statute of limitations on their claims unless fraudulent concealment could be shown. This appeal followed.

Cessna's appeal asks us to overturn the district court's determination that

---

1. The Honorable William H. Becker, Chief Judge, United States District Court, Western District of Missouri.

2. In addition to Cessna Aircraft Company, the appellants include Cessna Finance Corporation, Pennant Aviation, Inc., Dwane Wallace, Delbert L. Roskam, Robert P. Bauer, Edward B. Chase, and Harold Gorrell. In this opinion we will refer to all appellants as "Cessna."

this action should proceed as a national class action. We do not reach the merits of that decision by the lower court. After this appeal was filed, White Industries, Inc. lodged a motion to dismiss the appeal, contending that it was premature and not a "final decision" under 28 U.S.C. § 1291. We agree. In addition, we deny appellant Cessna's alternative request that we issue a writ of mandamus to the district court either to compel certification of the appeal under § 1292(b) or to reverse the class action order.

■ Generally, appealability as a "final decision" under 28 U.S.C. § 1291 is limited to final judgments reached after a trial on the merits of an action. However, as the Supreme Court stated in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1226, 93 L.Ed. 1528 (1949), there exists a

> small class [of decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.

*See also Baxter v. United Forest Products Co.,* 406 F.2d 1120, 1123 (8th Cir.), *cert. denied,* 394 U.S. 1018, 89 S.Ct. 1635, 23 L.Ed.2d 42 (1969).

The "collateral order" doctrine from *Cohen* was recently reaffirmed by the Supreme Court in *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). The Court stated that a determination of whether the order before it was "final" for purposes of § 1291 required

> some evaluation of the competing considerations underlying all questions of finality—"the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other." *Dickinson v. Petroleum Conversion Corp.,* 338 U.S. 507, 511, 70 S.Ct. 322, 324, 94 L.Ed. 299 (1950) (footnote omitted).

*Id.* at 171, 94 S.Ct. at 2149. In holding the order in *Eisen* appealable, the Court emphasized that it "settled conclusively" a contention regarding applicable law and that it "involved a collateral matter unrelated to the merits of petitioner's claim" which "could not be reviewed effectively on appeal from the final judgment." *Id.* at 171–72, 94 S.Ct. at 2149.

■ In the instant case, appellant Cessna initially argues that all orders granting class action status to cases involving substantial claims for monetary damages should be appealable under § 1291. However, the *Eisen* decision appears to reject such an across-the-board determination of appealability. *See* 417 U.S. at 170, 94 S.Ct. 2140. Alternatively, Cessna contends that the particular facts of this case require that we entertain this appeal in accordance with the dictates of the *Cohen* doctrine. Our examination of the record in this case and the nature of an order granting class action status under Rule 23 convinces us that the order here is not sufficiently "final" or "collateral" to justify appellate review at this time.

■ Under Rule 23 the district court is given broad discretion to determine the maintainability and the conduct of class actions. *See Wilcox v. Commerce Bank,* 474 F.2d 336, 344 (10th Cir. 1973); *City of New York v. International Pipe & Ceramics Corp.,* 410 F.2d 295, 300 (2d Cir. 1969). By the very language of the rule, any order rendered by the district court regarding the maintenance of the class action "may be considered conditional, and may be altered or amended before any decision on the merits." Fed. R.Civ.P. 23(c)(1). Thus, in discharging its obligation to assure the "fair and efficient adjudication of the controversy," the district court retains the power to establish sub-classes or to terminate the class status if subsequent developments so dictate. *See Wilcox, supra,* 474 F.2d at 344. The district court in this case specifically retained these powers in the order which granted the class status. Given these facts, it is apparent that the

order here cannot be considered "final" in the manner indicated by the *Cohen* and *Eisen* decisions. *See Katz v. Carte Blanche Corp.,* 496 F.2d 747, 752–56 (3d Cir. 1974); *Thill Securities Corp. v. New York Stock Exchange,* 469 F.2d 14, 15–16 (7th Cir. 1972); *Walsh v. City of Detroit,* 412 F.2d 226, 227 (6th Cir. 1969); *Fabrikant v. Stewart,* 64 F.R.D. 443 (S.D.Cal. 1974), *appeal dismissed* (9th Cir. filed May 19, 1975). *Contra Herbst v. International Telephone and Telegraph Corp.,* 495 F.2d 1308, 1312–13 (2d Cir. 1974); *but see General Motors v. City of New York,* 501 F.2d 639, 644–48 (2d Cir. 1974).

Nor do we feel that the issue here is so divorced from the merits that effective review cannot be had after a final judgment is entered. Cessna's contentions regarding the propriety of the district court's order focus on the ability of White Industries to serve as the class representative. Cessna argues that White Industries, Inc. as a former dealer has a conflict of interest with present dealers that makes it an unfit representative. In addition, Cessna argues that the claims of price discrimination in a Robinson-Patman Act case are individualized as to each dealer and cannot be the subject of class action treatment. Obviously, if this court were to entertain these issues, it would be plunging headlong into the merits of the case. Each of these issues can be raised and fully ventilated on appeal following a final judgment. Consideration at this time would serve no justifiable judicial purpose. *See Thill Securities Corp., supra,* 469 F.2d at 15–16; *Walsh, supra,* 412 F.2d at 227.

In so holding that the order in this case is interlocutory and not appealable under § 1291, we are not suggesting that early appellate review of such orders is necessarily foreclosed in every case. For example, the district court could have certified this appeal under either § 1292(b) or Fed.R.Civ.P. 54(b) if it felt that the gravity of the class action certification issue required an expedited hearing by this court.[3] As recently stated by the Third Circuit in *Samuel v. University of Pittsburgh,* 506 F.2d 355, 361 (3d Cir. 1974), by using these alternative means of review "the knowledge bred of the district court's proximity to the case can be brought to bear on the question of the propriety of immediate review." *See also Katz v. Carte Blanche Corp.,* 496 F.2d 747, 753–56 (3d Cir. 1974); *Hackett v. General Host Corp.,* 455 F.2d 618 (3d Cir. 1972).[4] It is significant to note that the district court in this case refused to certify this appeal under § 1292(b).

■ Finally, the remedy of mandamus remains available in those extraordinary instances when the district court, in granting the maintenance of a class action, has exceeded "the sphere of its discretionary power." *Will v. United States,* 389 U.S. 90, 104, 88 S.Ct. 269, 278, 19 L.Ed.2d 305. *See Katz v. Carte Blanche Corp., supra,* 496 F.2d at 752; *Hackett v. General Host Corp., supra,* 455 F.2d at 624. *See also Stein v. Collinson,* 499 F.2d 91, 95 (8th Cir. 1974); *Gialde v. Time, Inc.,* 480 F.2d 1295, 1302 (8th Cir. 1973); *Pfizer, Inc. v. Lord,* 456 F.2d 545, 547 (8th Cir. 1972).

■ In the instant case, appellant Cessna has filed a mandamus petition as an alternative means of obtaining review by this court. The petition requests that we either direct the district court to certify the class action orders for appeal

---

3. We do not at this time decide which of these provisions is the preferable means of certifying a class action order. *See Samuel v. University of Pittsburgh,* 506 F.2d 355, 360 n.14 (3d Cir. 1974). However, the order by the district court in the instant case would not seem to lend itself to certification under Rule 54(b). *See generally* 6 J. Moore, *Federal Practice* ¶¶ 54.27[2]–[3]; 54.30[2.–2]; 54.33–.34 (2d ed. 1974).

4. Even if this appeal had been certified under § 1292(b), this court in its discretion could have declined to accept the certification. *See Control Data Corp. v. International Business Machines Corp.,* 421 F.2d 323, 325 (8th Cir. 1970). We offer no opinion as to what our decision would have been in the instant case.

under § 1292(b) or simply reverse the lower court's granting of class action status. Nothing in the record or briefs in this case convinces us that such extraordinary relief is required. As stated by the Supreme Court in *Will*, the writ of mandamus is one of the "most potent weapons in the judicial, arsenal." 389 U.S. at 107, 88 S.Ct. at 280. Where, as here, there is absolutely no showing that the district court abused its judicial power in granting the class action, this drastic action cannot be invoked.

Appeal dismissed.