532 F.2d 64
 1976-1 Trade Cases 60,749
 In re CESSNA DISTRIBUTORSHIP ANTITRUST LITIGATION.
The CESSNA AIRCRAFT COMPANY et al., Appellants,
v.
SKYWAYS, INC., et al., Appellees.
The CESSNA AIRCRAFT COMPANY et al., Petitioners,
v.
The Honorable William H. BECKER, United States District
Judge for the Western District of Missouri, Respondent.
 Nos. 75-1745, 75-1785.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 13, 1976.
Decided March 2, 1976.
 
 Thomas E. Deacy, Jr., Deacy & Deacy, Kansas City, Mo., for appellants. Thomas E. Deacy, Jr. and Donald C. Bollard, III, Deacy & Deacy, Kansas City, Mo., and Don H. Reuben, E. Houston Harsha and Richard B. Rogers, Kirkland & Ellis, Chicago, Ill., on brief and reply brief and Appendix in No. 75-1745, and on petition for writ of mandamus in No. 75-1785.
 Joseph M. David, Jr., Kansas City, Mo., for appellee, Airflite. Lawrence R. Brown and Joseph M. David, Jr., Kansas City, Mo., and Edwin Freston, Los Angeles, Cal., on brief.
 Don M. Jackson, Kansas City, Mo., for A. F. Liquidating, etc., appellee. Don M. Jackson and Paul L. Wickens, Kansas City, Mo., and Fred F. Gregory, Gibson, Dunn & Crutcher, Los Angeles, Cal., on brief.
 Robert E. Ackerberg, Schiff, Hardin & Waite, Chicago, Ill., for appellee, Skyways, Inc.; Susan A. Henderson and W. Donald McSweeney, William A. Montgomery and Robert E. Ackerberg, Schiff, Hardin & Waite, Chicago, Ill., and Robert H. Bingham and James P. Zakoura, Kansas City, Kan., on brief.
 Edward A. McConwell, Overland Park, Kan., for Class (appellees).
 Before HEANEY, ROSS and WEBSTER, Circuit Judges.
 WEBSTER, Circuit Judge.
 
 
 1
 This antitrust class action is before us for a second time.[1] Certain of the defendants moved in the District Court[2] for leave to file a cross-claim against their codefendants. Their motion was denied, and they appeal. Alternatively, they petition for a writ of mandamus compelling the District Court to grant leave to file the cross-claim.
 
 
 2
 A review of the proceedings in the District Court is necessary to an understanding of the issues presented.
 
 
 3
 This litigation began in April, 1972, when White Industries, Inc. (White), a dealer in Cessna products, initiated two antitrust actions. In the first, White Industries, Inc. v. Cessna Aircraft Co., No. 20245-4 (W.D.Mo. filed April 6, 1972), White alleged that Cessna and certain of its distributors, which were also named as defendants, had entered into a combination and conspiracy to establish and maintain a dual pricing system so that the distributors would pay a lower price for Cessna products than would Cessna dealers. White alleged that this combination, which had allegedly existed since 1960, violated both Section 1 of the Sherman Act, 15 U.S.C. § 1, and Sections 2(a) and 2(f) of the Clayton Act, as amended by the Robinson-Patman Act, 15 U.S.C. §§ 13(a), 13(f). White contended that Cessna and the distributors had fraudulently concealed the existence of this combination.
 
 
 4
 In the second action, White Industries, Inc. v. Roskam, No. KC-3518 (D.Kan. April 10, 1972), White charged other distributors and Cessna's president with engaging in this same combination.[3] In both actions, White sought to represent a class including all Cessna dealers.
 
 
 5
 In May, 1973, the Judicial Panel on Multidistrict Litigation consolidated the actions for pre-trial proceedings in the Western District of Missouri. More than a year was then spent litigating the question whether the action should proceed as a class action. An order allowing class status was entered June 5, 1974, from which Cessna unsuccessfully appealed. In re Cessna Aircraft Distributorship Antitrust Litigation, 518 F.2d 213 (8th Cir.), cert. denied, --- U.S. ----, 96 S.Ct. 363, 46 L.Ed.2d 282 (1975). This Court's opinion holding that the order granting class standing was not appealable was filed June 23, 1975. Shortly thereafter, the District Court acted to move the litigation forward by directing the parties to submit proposed timetables for the pre-trial process and by scheduling a pre-trial conference for September 10, 1975.
 
 
 6
 From late 1972 onward, the various distributor defendants had been conducting settlement negotiations with White, the representative of the plaintiff class. Separate settlement plans had been negotiated involving the various defendants and a settlement class was formed. A major factor leading the distributor defendants to negotiate these settlements was their desire to be relieved of the burden of defending themselves in what promised to be protracted and expensive litigation.
 
 
 7
 On the morning of the pre-trial conference, the "Cessna defendants" (Cessna Aircraft Company and certain of its officers and affiliated corporations) filed a three count cross-claim against the distributor defendants. In this cross-claim, Cessna admitted that it charged the distributors lower prices for its products than it charged the dealers. It asserted, however, that the differences in price were based on the distributors' performance of bona fide wholesale functions. Cessna alleged that even if the distributors did not perform this function, but instead sold in direct competition with the dealers, then they did so without Cessna's knowledge. Consequently, Cessna contended that the distributors must indemnify the Cessna defendants for any liability in the main action and that the distributors were liable to Cessna for breach of contract and for violation of Section 2(f) of the Robinson-Patman Act, 15 U.S.C. § 13(f).
 
 
 8
 The Cessna defendants initially filed their cross-claim without obtaining leave of the District Court. When the court discovered this, it ordered the filing stricken. It then allowed the Cessna defendants to move orally at the September 10th conference for leave to file the cross-claim. They so moved, and the court then heard oral arguments by respective counsel on the propriety of allowing the cross-claim.
 
 
 9
 Cessna argued principally that the cross-claim could be filed at that stage of the litigation as of right. Alternatively, it contended that leave to file the cross-claim should be granted because discovery on the merits and had not yet begun and the cross-claim was closely related to the principal action.
 
 
 10
 The distributor defendants argued that they would be prejudiced if the cross-claim were filed. They noted that three years had passed since the start of the litigation and that during this time they had invested both time and money in attempting to settle with the plaintiff class and withdraw from the suit. In anticipation of their dismissal, they had refrained from participating in earlier discovery and in the first appeal. White also opposed the cross-claim, asserting that trying the cross-claim with the main action would impede the discovery process. The distributors and White pointed out that the cross-claim could be maintained as an independent action.
 
 
 11
 In order to expedite the proceedings, the District Court promptly ruled orally on the motion for leave to file. It held that leave of court was required to file the cross-claim. It then denied leave to file, giving weight to the following factors: (1) the case was an unduly delayed case as defined by this Circuit's standards; (2) the prejudice which would result to the parties who had proceeded on the assumption that no cross-claims would be filed; and (3) the filing of the cross-claim would "create a disorderly processing of (the) suit contrary to the interests of justice". The court made it clear to the Cessna defendants that they could move to vacate the order of denial. They did not do so. Rather, they filed a notice of appeal from the denial of leave and an alternative petition for writ of mandamus.
 
 
 12
 * The first issue to be resolved is whether the order of the District Court denying leave to amend is appealable, absent a Fed.R.Civ.P. 54(b) finding or 28 U.S.C. § 1292(b) certification by the District Court. While the issue is not entirely free from doubt, we think it appropriate under the facts presented to treat the order as appealable under the collateral order doctrine.[4] See Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 545-47, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528, 1535-36 (1949); United States v. Barket, 530 F.2d 181, 185-186 (8th Cir. 1975); Roach v. Churchman,457 F.2d 1101, 1103-04 (8th Cir. 1972). The applicability of the Cohen collateral order doctrine depends upon three tests:
 
 
 13
 (1) the order must be a final determination of a claim of right "separable from, and collateral to," rights asserted in the action; (2) it must be "too important to be denied review," in the sense that it "presents a serious and unsettled question"; and (3) its review cannot, in the nature of the question that it presents, await final judgment because "when that time comes, it will be too late effectively to review the . . . order and rights conferred . . . will have been lost, probably irreparably."
 
 
 14
 9 J. Moore, Federal Practice P 110.10, at 133 (2d ed. 1975) (footnote omitted).
 
 
 15
 The first and third requirements are plainly satisfied by the order of the District Court. The order is the District Court's final determination of appellants' claimed right to try the cross-claim with the main action, and it is collateral to and separable from the rights asserted in the main action since it may be reviewed on appeal without examination of the merits of any of the substantive claims. Also, review cannot await final judgment because, at that time, any benefit from trying the claims in one suit will be lost.
 
 
 16
 The only doubt about the applicability of the doctrine stems from the requirement that the order be "too important to be denied review" in the sense that it "presents a serious and unsettled question". The order in this case denying leave to amend presents no unsettled question of law of importance beyond this particular case. There are, however, cases which have found an order to be "collateral" although the importance of the question presented outside the case was not considered.[5] Those cases apparently hold that an order is "too important to be denied review" if it decides a question of special importance to the parties even if the question is not one of general interest. As the Supreme Court noted in Cohen v. Beneficial Industrial Loan Corp., supra, 337 U.S. at 546, 69 S.Ct. at 1225, 93 L.Ed. at 1536, we must take a practical rather than a technical approach to the issue. In this case, the right of the appellants to assert their cross-claim against the appellees in this action is of special importance to them since the granting of the motion to amend in order to allow the cross-claim would materially reduce the range and cost of litigation, a primary purpose of Fed.R.Civ.P. 13(g). The potentially substantial savings in judicial time gives added weight to the claim that the order appealed from presents a question of special importance.[6]
 
 
 17
 For these reasons, we assume jurisdiction to hear this appeal as an appeal from a collateral order. We emphasize, however, that this conclusion is limited to the particular facts of this case and we in no way indicate a desire to expand the reach of the collateral order doctrine beyond these facts.
 
 II
 
 18
 The District Court's conclusion that leave of court was required to file the cross-claim was correct. Appellants could assert the cross-claim only in their answer.[7] The answer could be amended without leave only within twenty days of service. Fed.R.Civ.P. 15(a). The twenty day period had long since expired. Thus, leave of court was necessary. See United States v. Eight Tracts of Land, 270 F.Supp. 160, 163-64 (E.D.N.Y.1967).
 
 
 19
 The granting of leave to amend under Rule 15(a) is a matter within the discretion of the trial court. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77, 87 (1971); Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 225-226 (1962); Weigand v. Afton View Apartments, 473 F.2d 545, 549 (8th Cir. 1973). The question presented is whether the District Court abused its discretion in denying leave to amend. We hold that it did not, and affirm the order.
 
 
 20
 In deciding whether to permit amendment, a district court must consider whether the amendment, if allowed, would prejudice the party opposing it. Zenith Radio Corp. v. Hazeltine Research, Inc., supra, 401 U.S. at 330-31, 91 S.Ct. at 802, 28 L.Ed.2d at 87-8. The District Court in this case considered the possible prejudice and accorded it controlling importance. It found that the harm to the distributor defendants, particularly the loss of time and money spent in attempting to settle the claims against them in order to be dismissed from the suit, outweighed any prejudice to appellants which would result from a refusal to allow the cross-claim.[8] We cannot say that it erred in so finding, especially in light of appellants' three year delay in asserting the cross-claim and the ongoing availability to appellants of relief in an independent action or actions against appellees. The record supports the conclusion that the District Court acted well within the area committed to its sound discretion.
 
 III
 
 21
 Finally, it is apparent from what has been said that mandamus is inappropriate. The remedy of mandamus is available only in those circumstances where the district court exceeds "the sphere of its discretionary power." Will v. United States, 389 U.S. 90, 104, 88 S.Ct. 269, 278, 19 L.Ed.2d 305, 315 (1967). See In re Cessna Aircraft Distributorship Antitrust Litigation, supra, 518 F.2d at 216; Pfizer Inc. v. Lord, 456 F.2d 545, 547-48 (8th Cir. 1972). See also Weight Watchers of Philadelphia, Inc. v. Weight Watchers International, Inc., 455 F.2d 770, 775 (2d Cir. 1972). Mandamus is an extraordinary remedy reserved only for extraordinary situations. Stein v. Collinson, 499 F.2d 91, 95 (8th Cir. 1974); Gialde v. Time, Inc., 480 F.2d 1295, 1302 (8th Cir. 1973). The possibility of error in allowing or denying an amendment to the pleadings is not ordinarily reviewable by mandamus or other extraordinary writ. Hartford Fire Insurance Co. v. Herrald, 434 F.2d 638, 639 (9th Cir. 1970). In this case, where we have already determined that the District Court did not abuse its discretion in refusing to allow the cross-claim as an amendment to the pleadings and where there has been no showing of abuse of judicial power, the drastic remedy of mandamus is clearly inappropriate. See In re Cessna Aircraft Distributorship Antitrust Litigation, supra, 518 F.2d at 217.
 
 
 22
 The order of the District Court is affirmed, and the petition for writ of mandamus is denied.
 
 
 
 [1]
 See In re Cessna Aircraft Distributorship Antitrust Litigation, 518 F.2d 213 (8th Cir.), cert. denied, --- U.S. ----, 96 S.Ct. 363, 46 L.Ed.2d 282 (1975)
 
 
 [2]
 The Honorable William H. Becker, Chief Judge, United States District Court for the Western District of Missouri
 
 
 [3]
 Both actions were subsequently amended, and certain Cessna officers and companies affiliated with Cessna were brought into the litigation
 
 
 [4]
 As will be demonstrated, a determination of appealability in this case requires reference to the same facts upon which both the merits of the appeal and the petition for mandamus must be judged
 
 
 [5]
 See, e. g., Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951) (order refusing to reduce bail); Roberts v. United States District Court, 339 U.S. 844, 70 S.Ct. 954, 94 L.Ed. 1326 (1950) (order denying leave to proceed in forma pauperis); Peterson v. Nadler, 452 F.2d 754 (8th Cir. 1971) (order staying civil suit until plaintiff released from prison). See 9 J. Moore, Federal Practice P 110.10, at 133-34 (2d ed. 1975)
 As in Stack v. Boyle and Roberts v. United States District Court, appealability here is justifiable on a basis other than the Cohen rationale. Unlike the order in Cohen, the present order effectively terminates not simply a collateral claim but the entire claim asserted by appellants.
 
 
 [6]
 Appellants estimate that as many as fifteen separate suits may be required to vindicate the claims asserted in their cross-claim. Litigation in many jurisdictions will require substantial duplication in discovery, and conflicting results may obtain
 
 
 [7]
 A cross-claim must be stated in a pleading. See Fed.R.Civ.P. 12(b) and 13(g). At the same time, it is not itself a pleading. See Fed.R.Civ.P. 7(a). The only pleading filed by the Cessna defendants here was their answer
 
 
 [8]
 Appellants maintain that the settlements would be effective between White and the distributors regardless of whether the cross-claim were permitted. Thus, even if the cross-claim were allowed, the time and expense involved in negotiating the settlements would not be lost. Even if appellants' interpretation of the settlements is correct however, allowing the cross-claim would frustrate the distributors' major purpose in negotiating the settlements: removing themselves from this litigation