MERCANTILE TRUST COMPANY NATIONAL ASSOCIATION, Appellee,

v.

INLAND MARINE PRODUCTS CORPORATION, and STOLLER FISHERIES, INC., Appellant,

v.

GULF TEX BROKERAGE, INC., Appellee.

No. 76–1684.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 16, 1976.

Decided Oct. 13, 1976.

Rehearing and Rehearing En Banc Denied Nov. 5, 1976.

---

Rhoda E. Paas, Omaha, Neb., for appellant; George T. Qualley and James E. Lang, Sioux City, Iowa, Kenneth R. Heineman, St. Louis, Mo., on brief.

W. David Wells, St. Louis, Mo., for appellee.

Before BRIGHT and WEBSTER, Circuit Judges, and TALBOT SMITH, Senior District Judge.[*]

WEBSTER, Circuit Judge.

On August 11, 1976, we granted leave to Stoller Fisheries, defendant below, to pursue this interlocutory appeal from the order of the District Court[1] denying Stoller's motion to amend its answer to raise two further affirmative defenses and to assert a counterclaim.[2]  28 U.S.C. § 1292(b).  At the same time, we expedited the appeal, which was argued and submitted September 16, 1976.  We now affirm the District Court.

On July 31, 1975, a complaint was filed by Mercantile Trust Company National Association ("Mercantile") seeking to recover sums alleged to be due from Inland Marine Products Corporation, alleging a right of recovery for such debt from Stoller under a guarantee agreement, and claiming a further sum from Stoller arising out of payments made by Mercantile under letters of credit on behalf of Stoller.  Between the filing of the complaint and January 30, 1976, Stoller filed two amended answers asserting fourteen affirmative defenses.

Discovery activity by Stoller, as disclosed by the record, was slow in coming, even though on November 13, 1975, the case was set for jury trial on March 1, 1976.  Stoller's first interrogatories to plaintiff were filed December 24, 1975.  Not until February 17, 1976, did Stoller file notice of taking its first deposition.  On February 18, 1976,

---

[*] Talbot Smith, Senior District Judge, Eastern District of Michigan, sitting by designation.

1. The Honorable H. Kenneth Wangelin, United States District Court for the Eastern District of Missouri.

2. The District Court also denied Stoller's motion to extend discovery time previously fixed at July 28, 1976, so as to permit depositions commenced on July 28, 1976, to be completed. The District Court properly refused to include this issue in its interlocutory certification and we decline to consider it here.

the March 1 setting was vacated and the cause reset for trial on May 10, 1976. In the interim, between February 18 and April 23, only one deposition was taken by Stoller. On April 23, the District Court vacated the trial setting a second time and reset the case for July 12, 1976. Stoller took two depositions on April 27 and April 29. No further formal discovery by Stoller is disclosed in the record until July 28, 1976. On May 21, 1976, Mercantile filed a motion to compel discovery, which was granted on June 2, after the District Court had again reset the case for August 16, 1976. On July 12, 1976, almost one year after the filing of the complaint, Stoller moved to file an amended answer to assert a counterclaim and additional affirmative defenses.[3] The District Court denied the motion, citing "undue delay by [appellant] in seeking to file this amendment," and concluding that to allow the amendment would not be in keeping with the rule of justice stated in Fed.R.Civ.P. 15(a).[4]

■ The proper test in reviewing an order denying leave to amend under Fed.R.Civ.P. 15(a) is whether the District Court has abused its discretion. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *In re Cessna Distributorship Antitrust Litigation*, 532 F.2d 64, 68 (8th Cir. 1976); *Izaak Walton*

*League of America v. St. Clair*, 497 F.2d 849, 854 (8th Cir.), *cert. denied*, 419 U.S. 1009, 95 S.Ct. 329, 42 L.Ed.2d 284 (1974); *Frank Adam Elec. Co. v. Westinghouse Elec. & Mfg. Co.*, 146 F.2d 165, 167 (8th Cir. 1945). In *Foman v. Davis, supra*, the Supreme Court held that leave to amend should be freely given "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[5] 371 U.S. at 182, 83 S.Ct. at 230. At the same time, the Supreme Court recognized that "the grant or denial of an opportunity to amend is within the discretion of the District Court. . . ." *Id.* In that case, the trial court had given no reason for its denial; in the instant case, the trial court clearly predicated its order on the resulting "undue delay" and expressly found that it was not in the interest of justice to permit the amendment. *See Komie v. Buehler Corp.*, 449 F.2d 644, 647–48 (9th Cir. 1971).

■ Mere delay is not a reason in and of itself to deny leave to amend. There must be found some prejudice which would result to others if leave were to be granted. *Zenith Radio Corp. v. Hazeltine Research, Inc., supra*, 401 U.S. at 330–31, 91 S.Ct. 795; *In re Cessna Distributorship Antitrust Liti-*

**3.** Briefly stated, the proposed counterclaim alleged that Mercantile had honored letters of credit issued by Stoller to pay invoices presented by the beneficiary which Mercantile knew to be fictitious, with resulting damage to Stoller's business. The counterclaim is in five separate counts, all of which are variants of the original contention. The additional affirmative defenses are (1) that the guarantee agreement was without consideration and unauthorized and (2) that the guarantee agreement was limited as to time and amount, both of which limitations were breached by Mercantile.

**4.** Fed.R.Civ.P. 15(a) provides:
    *(a) Amendments.* A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he

may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, which ever period may be the longer, unless the court otherwise orders.

**5.** While it has been held that leave to file an omitted counterclaim must be obtained in conformity with Fed.R.Civ.P. 13(f), the same liberal standards for consideration would seem to apply under Rule 13 or under Rule 15. *See Stoner v. Terranella*, 372 F.2d 89 (6th Cir. 1967); 6 C. Wright & A. Miller, Federal Practice and Procedure § 1479, at 403 (1971).

*gation, supra,* 532 F.2d at 68. Mercantile had completed extensive discovery based upon the numerous defenses previously asserted by Stoller. New theories of defense and a new counterclaim advanced at this late date would necessarily reopen much of the discovery. We think a finding of prejudice may fairly be inferred from the court's holding that allowing an amendment "at this time when the case is set for trial on August 16, 1976, would not be in keeping with the rule of justice stated in Rule 15 of the Federal Rules of Civil Procedure . . . ." *See Troxel Mfg. Co. v. Schwinn Bicycle Co.,* 489 F.2d 968, 971 (6th Cir. 1973), *cert. denied,* 416 U.S. 939, 94 S.Ct. 1942, 40 L.Ed.2d 290 (1974); *Nevels v. Ford Motor Co.,* 439 F.2d 251, 257 (5th Cir. 1971); *Rogers v. Valentine,* 426 F.2d 1361, 1363 (9th Cir. 1970).

■ We cannot say that the District Court abused its discretion in this case. What amounts to "undue delay" will, of course, vary with the facts. Stoller had ample time in which to develop its defenses and to assert its counterclaim. That it failed "to cure deficiencies by amendments previously allowed" as a result of its leisurely approach to discovery only reinforces the conclusion that the District Court exercised its discretion in a reasonable manner under these facts. *See Standard Title Ins. Co. v. Roberts,* 349 F.2d 613, 622 (8th Cir. 1965); *Shall v. Henry,* 211 F.2d 226, 231 (7th Cir. 1954). Trial settings are to be taken seriously and discovery must be conducted so as to prepare the parties for trial on the date scheduled, not simply to develop new theories of defense which in turn require further delays. Like the boy who cried "wolf!", a litigant who seeks a third amendment that will cause further delay on the eve of trial carries a heavy burden. *See Douglass v. First National Realty Corp.,* 141 U.S.App.D.C. 233, 437 F.2d 666, 668 (1970); *Mooney v. Vitolo,* 435 F.2d 838, 839 (2d Cir. 1970). The explanations that we have been given—change of counsel within the same firm, press of other affairs, indirect leads from recent depositions—are so generalized as to be wanting in candor, and we can understand that the District Court must have been equally unimpressed.

■ The order ruled upon is, of course, an interlocutory one. If the District Court cannot reschedule a trial setting at an early date, it may wish to reconsider its order, as undue delay may no longer be a factor. We simply say at this time that Stoller, armed with its fourteen affirmative defenses, has not been unfairly prejudiced and the District Court did not abuse its discretion.