**In re CESSNA AIRCRAFT DISTRIBUTORSHIP ANTITRUST LITIGATION.**

*The Cessna Aircraft Co. v. Skyways, Inc. et al.,* D.Kansas, C.A. No. 76–109–6C

**No. 123.**

Judicial Panel on Multidistrict Litigation.

Nov. 13, 1978.

---

## OPINION AND ORDER

Before JOHN MINOR WISDOM, Chairman, and EDWARD WEINFELD, EDWIN A. ROBSON, STANLEY A. WEIGEL, ANDREW A. CAFFREY,* and ROY W. HARPER, Judges of the Panel.

PER CURIAM.

In May 1973, pursuant to 28 U.S.C. § 1407, the Panel centralized three actions (MDL–123 actions) in this litigation in the Western District of Missouri before the Honorable William H. Becker. *In re Cessna Aircraft Distributorship Antitrust Litigation*, 359 F.Supp. 543 (Jud.Pan.Mult.Lit. 1973). The MDL–123 actions were each filed in early 1972.

White Industries, Inc. (White) filed two of the MDL–123 actions on behalf of a nationwide class of retail dealers of The Cessna Aircraft Co. (Cessna). In 1974 Judge Becker issued an order certifying two nationwide classes of Cessna dealers from January 1, 1960 to April 14, 1968 and from April 14, 1968 to June 5, 1974, respectively.[1] The complaints in both actions allege, generally, that Cessna's dual pricing

---

* Judge Caffrey was unable to attend the hearing in this matter but has, with the consent of all parties, participated in this decision on the basis of the pleadings and the transcript of the hearing.

1. About a year later the Court of Appeals for the Eighth Circuit held that this order was not appealable. *In re Cessna Aircraft Distributorship Antitrust Litigation*, 518 F.2d 213 (8th Cir.), *cert. denied*, 423 U.S. 947, 96 S.Ct. 363, 46 L.Ed.2d 282 (1975).

system constitutes discriminatory pricing prohibited by the Robinson-Patman Act, that receipt of such discriminatory prices by Cessna distributors is unlawful under the Robinson-Patman Act, and that Cessna, Cessna distributors and certain individuals conspired in violation of Section 1 of the Sherman Act to eliminate competition by White and other Cessna dealers with Cessna distributors. Cessna and certain Cessna distributors are defendants in one of these actions. Other Cessna distributors are defendants in the second action. Cessna officers and Cessna affiliates are defendants in both actions. On September 10, 1975, after White, as class representative, and the distributor defendants had entered into settlement agreements, Cessna and certain of its officers and affiliates sought leave to file a cross-claim against most of the distributors in the Western District of Missouri. The cross-claim alleged that 1) sixteen individuals and/or distributors knowingly induced and received discriminatory price treatment from Cessna in violation of the Robinson-Patman Act; 2) the cross-claim defendants breached distributorship contracts by falsely reporting that all sales made by the cross-claim defendants were made only to authorized Cessna dealers; and 3) cross-claimants were entitled to indemnification from cross-claim defendants for any anti-trust liability of the cross-claimants arising from cross-claim defendants' sales to other than Cessna dealers. Judge Becker denied leave to file the crossclaim.[2] On June 8, 1976, Judge Becker approved the class settlements with the distributors and dismissed the actions against the distributor defendants.

The third MDL–123 action was brought by Cessna Finance Corporation (Cessna Finance) against White. Cessna Finance alleges that White and its chief executive officer executed certain notes and security agreements in favor of Cessna Finance and that defendant White has failed to make the required payments. In response to the complaint, White filed a counterclaim against Cessna Finance and a third-party complaint against Cessna alleging violations of the federal antitrust laws similar to the allegations in the two above-mentioned actions.

The above-captioned action (Skyways) was brought in the District of Kansas on March 6, 1976, by Cessna and certain of its officers and affiliates (the Cessna parties) against the same sixteen individuals and/or distributors who were the subject of the disallowed cross-claim in Judge Becker's court. The allegations of the complaint track the allegations in the cross-claim. On May 2, 1978, the Honorable Frank G. Theis dismissed the Cessna parties' Robinson-Patman Act claim, holding, inter alia, that the Cessna parties did not have standing to sue. He also dismissed the indemnification claim, holding, inter alia, that the Cessna parties could not assert a claim for indemnification until a judgment had been entered against them. Judge Theis ruled that the breach of contract claim stated a cause of action, pending further resolution of statute of limitations and fraudulent concealment issues.

Pursuant to 28 U.S.C. § 1407, the Cessna parties move the Panel to transfer Skyways to the Western District of Missouri for coordinated or consolidated pretrial proceedings with the MDL–123 actions pending there. White and defendants in Skyways oppose transfer.

We conclude that transfer of Skyways under Section 1407 would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation and, accordingly, we deny the motion to transfer Skyways.

██ The Cessna parties argue that Skyways and the MDL–123 actions share questions of fact and that transfer of Skyways is thus necessary to prevent duplicative discovery, avoid inconsistent pretrial rulings, and render more manageable the handling of the claims in Skyways. While we recognize the existence of common questions of fact between Skyways and the MDL–123 actions, a mere showing that such questions

---

2. Judge Becker's ruling was affirmed by the Court of Appeals for the Eighth Circuit. In re Cessna Distributorship Antitrust Litigation, 532 F.2d 64 (8th Cir. 1976).

exist is not sufficient, in and of itself, to warrant transfer by the Panel.

■ As a result of the unique history of this docket, the Panel is now presented with a situation in which the transferee judge has already formally ruled upon the appropriateness of inclusion in the litigation in the transferee district of the very claims now raised by the Cessna parties in *Skyways*. When Judge Becker denied leave to file the cross-claim in the MDL–123 actions, he found that permitting such leave would result in "untimeliness and prejudice as a matter of fact"[3] to the distributors and the other parties in the litigation. The Panel has long recognized that the successful use of Section 1407 can only occur in an atmosphere of trust, confidence, comity and good will among the district courts and the Panel. *See In re Plumbing Fixtures Antitrust Litigation*, 298 F.Supp. 484, 496 (Jud.Pan. Mult.Lit.1968). In light of Judge Becker's ruling, we find that transfer of *Skyways* under Section 1407 would undercut that atmosphere in the context of this docket. As transferee judge, Judge Becker has a special vantage point with respect to the conduct of coordinated or consolidated pretrial proceedings, and we give great weight to his determination that inclusion of the *Skyways* claims in the litigation in the transferee district would be contrary to the interests of justice.

■ Furthermore, we note that the actions in the transferee district have been pending for more than six years, that the Cessna parties delayed asserting their cross-claim in the transferee district for three years, and that the Cessna parties have now waited for more than two years after the filing of *Skyways* to move for transfer of *Skyways* under Section 1407. Under these circumstances, we cannot conclude that the Cessna parties have met their burden of persuading us that transfer of *Skyways* would promote the just and efficient conduct of this litigation.

IT IS THEREFORE ORDERED that the motion to transfer the action entitled *The Cessna Aircraft Co. v. Skyways, Inc., et al.*, D.Kansas, C.A No. 76–109–6C, be, and the same hereby is, DENIED.

ANDREW A. CAFFREY and ROY W. HARPER, Judges of the Panel, dissent from this opinion.

---

**3.** Transcript of Proceedings before the Honorable William H. Becker, Report of Pretrial Conference, Sept. 10, 1975, p. 25.