**Michael F. SVOBODA, Appellant,**

v.

**The TRANE COMPANY, Appellee.**

**No. 80–1597.**

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1981.

Decided Aug. 11, 1981.

---

James D. Edgar, St. Louis, Mo., argued for appellant.

Thomas C. Walsh, Terrence J. O'Toole, St. Louis, Mo., Michael G. Biggers, St. Louis, Mo., argued for appellee; Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., of counsel.

Before HEANEY, STEPHENSON and McMILLIAN, Circuit Judges.

PER CURIAM.

Michael F. Svoboda appeals from a final judgment entered in the District Court[1] for the Eastern District of Missouri granting a directed verdict in favor of the Trane Co. (hereinafter Trane) and from interlocutory orders denying appellant leave to file an amended complaint and granting partial summary judgment in favor of Trane. For reversal appellant argues that the district court abused its discretion in denying him leave to file an amended complaint and erred in directing a verdict in favor of Trane at the close of appellant's case.[2] For the reasons discussed below, we affirm the judgment of the district court.

Trane is engaged in the business of developing, manufacturing, and marketing air-conditioning and heating equipment to residential and commercial customers. Trane supplies its residential and light commercial customers with equipment and services through a nationwide network of local distributors ("Trane Comfort Centers") supervised by its Consumer Products Division. Trane recruited appellant into its Sales Management Development Program upon appellant's graduation from college with a master's degree in engineering in late 1971. The Sales Management Development Program involved six weeks of instruction in the field of air-conditioning sales and service for college graduates with a technical background. During the six week program the trainees were paid by Trane. The program was a recruitment method designed by Trane in order to attract well-qualified individuals for eventual placement as sales engineers with Trane's local distributors.

Upon completion of the six week program the sales engineers were assigned to particular Trane Comfort Centers. Assignment to a particular local distributor, with potential advancement to head of sales, was one of several career options open to sales engineers. Other career options included becoming a dealer consultant, owning a local distributorship, or joining the Consumer Products Division in a management position. Appellant was assigned to Tri-City Trane Air Conditioning Co. (Tri-City), a local distributor located in Tennessee, and began work in March 1972. Appellant was an excellent sales engineer. However, conflicts developed between appellant and Tri-City, in part because the sales commission schedule used by Tri-City was not the same as Trane's. Appellant joined another local distributor in Virginia in December 1973.

In December 1974 appellant brought suit against Tri-City in Tennessee state court seeking to recover more than $13,000 in unpaid commissions and wages. In early 1977 Tri-City filed a Chapter XI petition for arrangement in the District Court for the Eastern District of Tennessee. Appellant's local attorney filed a proof of claim for appellant's unpaid commissions and wages in the bankruptcy proceeding. Tri-City filed an objection admitting that it owed appellant only $1,700 on the basis of an audit prepared for the state court suit. The

---

1. The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri. The interlocutory orders are reported at 495 F.Supp. 367 (E.D.Mo.1979).

2. Appellant also argues that the district court erred in refusing to admit the testimony of Robert Andersohn and abused its discretion in granting partial summary judgment on the issue of damages in favor of Trane on the grounds of collateral estoppel. In view of our disposition of the case we do not reach these allegations of error.

district court allowed appellant's claim only in the amount of $1,700.[3]

Appellant then filed the present action against Trane in Missouri state court in December 1978. Trane removed the action to the federal district court on the basis of diversity of citizenship. In the present action appellant alleged that Trane failed to pay appellant certain commissions which Trane owed appellant as a result of work performed under an oral employment contract entered into in March 1972. Appellant argued that Tri-City had apparent authority to hire appellant on behalf of Trane. The district court granted Trane's motion for partial summary judgment on the issue of damages and denied appellant leave to file an amended complaint alleging fraudulent misrepresentation. At the conclusion of appellant's case, the district court granted Trane's motion for a directed verdict on the grounds that appellant had failed to prove his claim of apparent authority. *Svoboda v. Trane Co.*, 495 F.Supp. 367 (E.D.Mo. 1980) (judgment). This appeal followed.

 We cannot say that the district court abused its discretion in denying appellant leave to file an amended complaint. *E. g., Mercantile Trust Company National Ass'n v. Inland Marine Products Corp.*, 542 F.2d 1010, 1012–13 (8th Cir. 1976). The record supports the district court's findings of undue delay and prejudice to the opposing party. As noted by the district court, appellant inexplicably sought leave to amend in order to introduce new theories of liability on the eve of trial,[4] nearly a year after the complaint had been filed. Most of the facts supporting the fraudulent misrepresentation claim were known to appellant at the time the complaint was filed. The district court further found that the defense had conducted extensive discovery and that granting leave to amend would involve considerable prejudice to Trane. 495 F.Supp. at 373.

 Nor can we say that the district court erred in granting Trane's motion for a directed verdict. We have carefully examined the record, giving appellant the benefit of all legitimate inferences, and agree that appellant failed to prove his apparent authority claim. Appellant not only realized that the local distributors were franchise dealerships, but unreasonably relied upon Tri-City's alleged apparent authority to act on behalf of Trane in the face of circumstances inconsistent with that relationship, such as the employment contract (which provided that the sales engineer was employed by the local distributor) and Tri-City's refusal to follow Trane's sales commission schedule.

Accordingly, the judgment of the district court is affirmed.

---

3. Applying the doctrine of collateral estoppel, the district court granted Trane's motion for partial summary judgment on the issue of damages on the basis of the bankruptcy proceeding. 495 F.Supp. at 369–70.

4. The case had been set for trial November 19, 1979. Appellant sought leave to file an amended complaint on November 8, 1979. The case was not actually tried until June 1980.