Dianne CASTANO, et al.

v.

The AMERICAN TOBACCO COMPANY, et al.

Civ. A. No. 94–1044.

United States District Court, E.D. Louisiana.

May 15, 1995.

Daniel E. Becnel, Jr. Becnel, Landry & Becnel, Reserve, LA, Joseph M. Bruno, Bruno & Bruno, New Orleans, LA, Wells Talbot Watson, Baggett, McCall & Burgess, Lake Charles, LA, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA, Calvin Clifford Fayard, Jr., Donna Unkel Grodner, Fayard, Harris & Honeycutt, Denham Springs, LA, Michael X. St. Martin, St. Martin, Lirette, Shea, Watkins & McNab, Houma, LA, George Febiger Riess, Monroe & Lemann, Robert L. Redfearn, Simon, Peragine, Smith & Redfearn, New Orleans, LA,

Daniel G. Abel, Wendell H. Gauthier, Dana Kim Cormier, Gauthier & Murphy, Metairie, LA, Edwin Rene Murray, Edwin R. Murray & Associates, New Orleans, LA, Kenneth Michael Carter, Carter & Cates, Peter Joseph Butler, Peter J. Butler, Jr., Locke, Purnell, Rain & Harrell, P.C., New Orleans, LA, Elizabeth J. Cabraser, Richard M. Heimann, Robert Lieff, Lieff, Cabraser & Heimann, San Francisco, CA, Arnold Levin, Levin, Fishbein, Sedran & Berman, Philadelphia, PA, John (Jack) Brown Baldwin, Scott Baldwin, Baldwin & Baldwin, Marshall, TX, Bettye Anne Barrios, Johnson, Johnson, Barrios & Yacoubian, New Orleans, LA, Louie J. Roussel, III, Louie J. Roussel, III, Atty. at Law, Metairie, LA, Bruce C. Dean, Bruce C. Dean, Atty. at Law, New Orleans, LA, Perry Weitz, Perry Weitz, Atty. at Law, New York City, Melvin Belli, Melvin Belli, Atty. at Law, San Francisco, CA, Margaret Moses Branch, Turner Branch, Branch Law Firm, Albuquerque, NM, John P. Coale, Coale, Allen & Van Susteren, Washington, DC, Ralph Irving Knowles, Jr., Kenneth S. Canfield, Doffermyre, Shields, Canfield & Knowles, Atlanta, GA, Andrew W. Hutton, Mark B. Hutton, Michaud, Hutton & Bradshaw, Wichita, KS, Richard Alexander, The Alexander Firm, San Jose, CA, Stanley M. Chesley, Sherrill P. Hondorf, Waite, Schneider, Bayless & Chesley, P.A., Cincinnati, OH, Gayle L. Troutwine, Jeffrey S. Merrick, Williams & Troutwine, Portland, OR, Robert D. Greenbaum, Myles H. Malman, Kohn, Nast & Graf, John P. Kopesky, Sheller, Ludwig & Badey, Philadelphia, PA, Michael L. Williams, Williams & Troutwine, Portland, OR, Stephen Barnett Murray, Murray Law Firm, New Orleans, LA, Richard A. Daymard, Northeastern University School of Law, Boston, MA, Jodi W. Flowers, Susan Nial, Charles W. Patrick, Ness, Motley, Loadholt, Richardson & Poole, P.A., Charleston, SC, Francis H. Hare, Jr., Attys. Information Exchange, Birmingham, AL, Ronald L. Motley, Ness, Motley, Loadholt, Richardson & Poole, P.A., Charleston, SC, John R. Climaco, Michael V. Kelley, Jack D. Maistros, Shannon P. Haggerty, Climaco, Climaco, Seminatore, Lefkowitz & Garofoli, Cleveland, OH, John Bologna Krentel, John B. Krentel, Atty. at Law, Metairie, LA, for

Dianne Castano, Ernest Perry, George Solomon, Unidentified Third Parties.

Robert E. Winn, Joy Goldberg Braun, Sessions & Fishman, New Orleans, LA, Bruce G. Sheffler, Chadbourne & Parke, New York City, for American Tobacco Co.

Steven W. Copley, John Mason McCollam, Gordon, Arata, McCollam & Duplantis, New Orleans, LA, Gary R. Long, Shook, Hardy & Bacon, Kansas City, MO, for Lorillard Inc.

John Mason McCollam, Charles L. Chassaignac, Peter A. Feringa, Jr., Carmelite M. Bertaut, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, LA, Gary R. Long, Shook, Hardy & Bacon, Kansas City, MO, for Lorillard Tobacco Co.

Charles Fenner Gay, Jr., Scott Edward Delacroix, Thomas J. Wyllie, Adams & Reese, New Orleans, LA, Gary R. Long, Allen Rennie Purvis, Shook, Hardy & Bacon, Kansas City, MO, for Phillip Morris Inc.

Stephen H. Kupperman, Phillip A. Wittmann, Stone, Pigman, Walther, Wittmann & Hutchinson, Carmelite M. Bertaut, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, LA, for RJR Nabisco Inc.

Stephen H. Kupperman, Phillip A. Wittmann, S. Ann Saucer, Stone, Pigman, Walther, Wittmann & Hutchinson, Carmelite M. Bertaut, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, LA, Theodore M. Grossman, Paul G. Crist, Hugh R. Whiting, Mark A. Belasic, Jones, Day, Reavis & Pogue, Cleveland, OH, for R.J. Reynolds Tobacco Co.

John Jerome Weigel, Joseph Jacob Lowenthal, Jr., Madeleine Fischer, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, James V. Kearney, Francis K. Decker, Jr., Mudge, Rose, Guthrie, Alexander & Ferdon, New York City, for Liggett Group, Inc.

Robert E. Winn, Joy Goldberg Braun, Sessions & Fishman, New Orleans, LA, for American Brands Inc.

Charles L. Chassaignac, Peter A. Feringa, Jr., Carmelite M. Bertaut, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, LA, Griffin B. Bell, King & Spaulding, Atlanta, GA, for Brown & Williamson Tobacco Corp.

Charles L. Chassaignac, Peter A. Feringa, Jr., Carmelite M. Bertaut, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, LA, for Batus Holdings, Inc., Batus Inc.

John Jerome Weigel, Joseph Jacob Lowenthal, Jr., Madeleine Fischer, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, for Liggett & Myers Inc.

Charles W. Schmidt, III, Christovich & Kearney, New Orleans, LA, for U.S. Tobacco Co.

Alan Harry Goodman, Thomas Mente Benjamin, Lemle & Kelleher, New Orleans, LA, for Tobacco Institute, Inc.

Suzanne V. Foulds, New Orleans, LA, pro se.

Robert H. Walker, Bronx, NY, pro se.

## ORDER AND REASONS

JONES, District Judge.

Pending before the Court is defendants' "Motion for Certification of Class Certification Order of February 17, 1995, and Preemption Ruling in Orders of November 15, 1994, and September 22, 1994, for Interlocutory Review and Stay of Proceedings Pursuant to 28 U.S.C. § 1292(b)." Having reviewed the memoranda of the parties, the record, and the applicable law, the Court GRANTS the motion in part and DENIES the motion in part.

### Background

Plaintiffs filed this "Class Action Complaint" and a "First Amended Class Action Complaint" alleging, in essence, that defendants fraudulently failed to inform smokers that nicotine is addictive, despite defendants' possession of such knowledge. Defendants are various tobacco companies [1] and the Tobacco Institute, Inc.

---

1. These are: The American Tobacco Company, Inc.; R.J. Reynolds Tobacco Company; Brown & Williamson Tobacco Corporation; Phillip Morris, Inc.; Liggett & Myers, Inc.; Lorillard Tobacco Company, Inc.; United States Tobacco Company; and their various parent and related companies.

Plaintiffs alleged a number of causes of action: fraud and deceit; negligent misrepresentation; intentional infliction of emotional distress; violation of consumer protection statutes under state law; breach of express warranty; breach of implied warranty; strict product liability and redhibition under Louisiana law. Plaintiffs also sought declaratory judgment in a number of related areas.

Following a lengthy hearing and voluminous briefing by the parties on the issue of class certification, this Court conditionally certified a class pursuant to Fed.R.Civ.P. 23(b)(3) and 23(c)(4) only as to the liability issues of fraud, breach of warranty (express or implied), intentional tort, negligence, strict liability and consumer protection and as to the issue of punitive damages. (Order and Reasons, February 17, 1995, R.Doc. 269.) The Court refused to certify this matter as a class for any other purpose. *Id.*

Defendants now seek this certification of that ruling for interlocutory review pursuant to 28 U.S.C. § 1292(b). Defendants also seek certification for interlocutory appeal of the preemption rulings of September 22 and November 15, 1994,[2] and for a stay of these proceedings.

Plaintiffs oppose certification of any issues and/or a stay of this matter.

### Law and Application

■ Section 1292(b) sets forth three criteria, "all of which must be met before the district court may properly certify an interlocutory order to appeal." *Aparicio v. Swan Lake,* 643 F.2d 1109, 1110, n. 2 (5th Cir.1981). The district court must certify in writing that there is a controlling issue of law involved in the order of the court at issue, that there is substantial ground for difference of opinion, and that an immediate appeal from the order may materially advance the ultimate termination of this litigation. *Id.*[3]

2. These rulings were issued by the Honorable Frederick J.R. Heebe, former chief judge of this district, prior to the reallotment of this case to this Court. However, this Court has already denied certification for interlocutory review of these orders orally during a hearing on January 4, 1995. (R.Doc. 261.)

3. Section 1292(b) provides, in pertinent part:

The legislative history "indicates that [Section 1292(b)] is to be used only in 'exceptional situations' in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *Total Benefit Services, Inc. v. Group Insurance Administration,* 1993 WL 98675, *1 (E.D.La.1993) (Livaudais, J.). The Fifth Circuit's policy against piecemeal appeals is in accord with this legislative history. *See Clark–Dietz & Assoc. v. Basic Construction,* 702 F.2d 67, 69 (5th Cir.1983); *Traffic Scan Network, Inc. v. Winston,* 1993 WL 390144, *2 (E.D.La.1993) (Sear, C.J.).

With these policies in mind, the Court examines its class certification ruling against the backdrop of the requirements of Section 1292(b). The Court then addresses certification for interlocutory review of the previous rulings of the Court. Finally, the Court analyzes whether a stay is necessary and proper in this matter.

### A. Certification for Interlocutory Review of Class Certification

■ The first issue is whether the Court's conditional certification for class purposes of certain issues involves a controlling question of law. In addressing the "controlling question of law" language of § 1292(b), the court in *In re Cement Antitrust Litigation (MDL No. 296),* 673 F.2d 1020, 1026–27 (9th Cir. 1982), concluded: "[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." (Citation omitted.)

Having relied on *Jenkins v. Raymark Industries, Inc.,* 782 F.2d 468 (5th Cir.1986) in support of the decision to certify the present class, the Court agrees with Judge Parker, who, after certifying the class for asbestos cases, found that "[i]t should go without saying that the order of certification ... is ...

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

the controlling question of law affecting the disposition of 893 claims comprising the class." *Jenkins v. Raymark Industries, Inc.,* 109 F.R.D. 269, 287 (E.D.Tex.1985), *aff'd,* 782 F.2d 468 (5th Cir.1986). Similarly, the limited class certification in this matter is a controlling issue of law affecting thousands, if not millions, of cases that could proceed against the defendants in this case. *See* Affidavit of Wendell Gauthier, R.Doc. 245 (discussing the number of cases waiting to be filed pending the class certification ruling).

The second question is whether there is a substantial ground for difference of opinion as to the class certification. Both parties have cited numerous cases on this issue, not only in their argument as to whether the class should be certified but also as to whether there is a substantial ground for difference of opinion as to the propriety of class certification.

Again, the Court turns to the underlying orders in *Jenkins* and another case on which the Court relied in reaching its class certification decision, *Watson v. Shell Oil Co.,* 979 F.2d 1014 (5th Cir.1992), *reh'g en banc granted,* 990 F.2d 805 (5th Cir.1993). In *Jenkins* Judge Parker found that there was a substantial difference of opinion as to the use of "class action mechanisms in mass exposure to products containing toxic substances over a substantial period of time." *Jenkins,* 109 F.R.D. at 287–88. Similarly, Judge Mentz in *Shell Oil Co.* found that there is "substantial ground for difference of opinion about the propriety of a Rule 23(b)(3) certification of a mass accident class action." *"Order,"* C.A. No. 88–1935, Section I, March 21, 1991, p. 1 (E.D.La.).[4]

In the present case, there are allegations of fraud, strict liability and other causes of action that bear strong resemblance to, although not exactly similar as *Jenkins* or *Shell Oil Co.* Although the Fifth Circuit upheld both of those class certifications, the Court finds it proper to certify this matter for appellate review also. This does not mean that the Court believes that its class certification decision is not firmly based on

Fifth Circuit precedent. However, that is not the criteria on which the Court must base its decision on the present motion. The Court finds that there is a substantial difference of opinion as to whether the present case should be certified as a nationwide class for issues of liability and punitive damages.

As just one example of this difference of opinion, the Court looks to a recent Seventh Circuit decision reversing the certification of a nationwide class action brought on behalf of hemophiliacs infected by the AIDS virus as a consequence of using defendants' products. *In the Matter of Rhone–Poulenc Rorer Inc.,* 51 F.3d 1293 (7th Cir.1995). Such a difference of opinion is evident within the decision itself, where the majority and dissent disagreed not only as to the propriety of class certification but also as to the meaning of Fifth Circuit decisions regarding class certification. While the panel majority cited *In re Fibreboard Corp.,* 893 F.2d 706 (5th Cir. 1990), in support of its decision not to permit the use of class actions in mass tort cases, *Rhone–Poulenc,* 51 F.3d at 1304–05, the dissent explicitly rejected the majority's interpretation of *Fibreboard* and found that the "Fifth Circuit did not refuse to permit any class treatment of the plaintiffs' claims, nor did it discourage use of the class action device in mass torts." *Id.* at 1306, n. 1. (Rovner, J., dissenting).

Contrary to the Seventh Circuit, other circuits in addition to the Fifth Circuit in *Jenkins* and *Shell Oil* have recognized that class actions may be preferred mechanisms in the area of mass torts. *See, e.g., In re School Asbestos Litigation,* 789 F.2d 996, 1008–09 (3rd Cir.1986); *Central Wesleyan College v. W.R. Grace & Co.,* 6 F.3d 177, 185 (4th Cir.1993).

Quite obviously, this is a developing area of law over which there is a substantial ground for difference of opinion, no matter how much this Court may agree or disagree with the reasoning of the Third, Fourth or Seventh Circuits and no matter how much this Court believes it has faithfully adhered to

---

4. Judge Mentz's order is attached as Exh. A to defendants' memorandum in support of their motion. (R.Doc. 310.)

Fifth Circuit jurisprudence in certifying this matter as a limited class action.

Finally, the Court comes to the third prong of Section 1292(b), which requires that an immediate appeal may materially advance the ultimate termination of this litigation. This Court is faced with the proposition, as noted, of thousands, if not millions, of claimants in this matter and a substantial number of issues, which, while not overwhelming or incomprehensible, cannot be resolved without significant time, energy and expense on the part of the Court and the parties.[5] In view of these facts, it seems almost an understatement to posit that the Fifth Circuit will substantially advance the ultimate termination of this litigation through its review of this order and the previous class certification order.

Therefore, for the foregoing reasons, the Court will grant the motion of defendants for certification of the class ruling of February 17, 1995, for interlocutory appeal.

B.  Certification for Interlocutory Review of Preemption Orders

■ As stated previously, this Court orally denied certification for interlocutory appeal of these orders at a hearing held on January 4, 1995. The defendants seize on one statement in this Court's Order and Reasons granting class certification to re-urge their motion for interlocutory review of the September and November 1994 orders on preemption.

The Court stated: "Thus, it is the Court's view that common factual issues include whether defendants knew cigarette smoking was addictive, *failed to inform cigarette smokers of such* and took action to addict cigarette smokers." (R.Doc. 269, p. 14.) (Emphasis added.) Defendants contend that this statement is evidence of a preempted claim under *Cipollone v. Liggett Group, Inc.,* 505 U.S. 504, 523–24, 112 S.Ct. 2608, 2621, 120 L.Ed.2d 407 (1992). Thus, the argument goes, interlocutory review is proper.

The Court disagrees because the defendants take this statement out of context. As

written, the statement was made in support of the finding of common factual issues under Rule 23(b)(3). These factual issues relate directly to the common legal issue, among others, of fraud, which, under *Cipollone,* is not preempted pursuant to *Cipollone.* "[F]raudulent misrepresentation claims that do not arise with respect to advertising and promotions (most notably claims based on allegedly false statements of material fact not made in advertisements) are not preempted...." *Cipollone,* 505 U.S. at 527–30, 112 S.Ct. at 2623–24. The Supreme Court made this pronouncement in light of its own recognition "of the strong presumption against preemption." *Id.* at 523–24, 112 S.Ct. at 2621.

Considering that defendants have taken the Court's statement out of context, and further considering the Supreme Court's ruling in *Cipollone,* the Court declines to certify the rulings of September 22 and November 15, 1994, for interlocutory appeal. There is no substantial ground for difference of opinion as to a controlling issue of law.

C.  Stay of this Matter

■ Neither party cites any law on this issue. The Fifth Circuit has termed action on a request for a stay as a matter for judgment within the discretion of the district court to control the disposition of matters on its docket. *Itel Corp. v. M/S Victoria U (Ex Pishtaz Iran),* 710 F.2d 199, 202 (5th Cir. 1983). *See also Hines v. D'Artois,* 531 F.2d 726 (5th Cir.1976).

In this case, having determined to certify for appeal the order that certified this matter as a limited class action, the Court finds that it is in the interest of judicial economy and efficiency to stay this matter. In making this decision, the Court once again does not doubt any of the bases for its previous ruling. However, the Court finds that the issues pending before the Court, beginning with the plaintiffs' motion on the proposed class action notice, set for hearing in the near future, are better stayed pending a ruling by the Fifth Circuit. Indeed, the time and expense to be

---

5.  For example, the conflicts of law issue alone will require substantial effort on the part of all, even though the Court believes that this effort

will ultimately be successful in bringing this massive class action to a successful conclusion.

expended on just the class notification issue—the cost of class notice itself, not counting the legal time and expense, may run into hundreds of thousands of dollars—is a prime example of the necessity of a stay in this matter. Therefore, after weighing competing interests and attempting to maintain an even balance, the Court will stay this matter pending a decision by the Fifth Circuit Court of Appeals.

### Conclusion

In the order certifying this matter as a limited class action, the Court stated that its decision was taken after much thought and reflection and in the desire to aid and promote the efficient litigation of the core liability and punitive damages issues in this massive litigation. The Court remains convinced of the propriety of this decision, as well as the soundness of its foundation. Yet, the system of law is not designed to have one court control the economies and lives of so many in a case of such legal importance. Therefore, even with a firm belief of having made the right decision in certifying this matter as a limited class action, the Court grants the defendants' motion to seek review by the court of appeals.

Accordingly,

IT IS ORDERED that defendants' motion for certification for interlocutory appeal of the certification of this case as a limited class action is GRANTED.

IT IS FURTHER ORDERED that defendants' motion for certification for interlocutory appeal of the September 15 and November 22, 1994, orders is DENIED.

IT IS FURTHER ORDERED that defendants' motion to stay this matter is GRANTED.